THE COTTON STATES LIFE INSURANCE COMPANY, plaintiff in error, *vs.* THOMAS W. MERRITT, administrator, defendant in error.

[BLECKLEY, Judge, having been of counsel, did not preside in this case.]

There being no error of law in admitting testimony or in the charge of the court, and there being enough evidence to sustain the verdict, this court will not control the discretion of the judge who tried the case below in refusing a new trial, especially as the same facts, in substance, have been passed upon by two juries, and the verdicts approved by the circuit court.

New trial. Before Judge CLARK. Sumter Superior Court. October Adjourned Term, 1876.

Plaintiff brought suit on a policy of insurance on the life of his intestate in defendant's company. It was admitted that if there was any liability, it was for $2,724.42. The evidence, besides the policy itself, was, in brief, as follows:

Deceased had been a man of considerable property. He was a farmer, and superintended the management of his own business. Some time in November, 1873, his conduct began to be peculiar. He was subject to frequent fits of melancholy, and would shut himself up for days at a time. On one occasion he sat in the cold, though complaining of being sick, disregarded messages sent to him by his wife; finally came in, found her in bed sick, abused her for something she knew nothing about, ran about the room in a wild manner, went off, returned, fell on his knees, cried and said he knew not what he had done. This and similar instances

were given to show his derangement. On January 20, 1874, he left home about 8 o'clock A.M. Not returning, a party went in search of him. They found him nearly a mile from home, in a pine thicket, dead. His hat, coat and vest were off, a stab from a pocket knife was discovered in his heart, and his throat was cut. A bloody pocket knife was lying within a few inches of his hand. In his coat pocket was found a memorandum book, in which were entries stating that he was subject to fits of mental aberration, and that he was suffering intensely. After his death it was found to be doubtful whether his estate was solvent.

The jury found for plaintiff. Defendant moved for a new trial. The motion was overruled, and defendant excepted.

Cook & Crisp; B. P. Hollis, for plaintiff in error.

S. C. Elam; Hawkins & Hawkins, for defendant.

Jackson, Judge.

When this case was here before, we granted a new trial for errors committed on various points, and damages and attorney's fees improperly assessed, without evidence to warrant the verdict in that respect. 55 *Ga.*, 103. We also, at that time, gave our view of the law governing the main question in respect to the alleged suicide of the deceased, whose life was insured on condition that he did not end it with his own hand. The presiding judge has followed that view of the law in his charge to the jury, and we have no disposition to reverse our own ruling thereon, as we still approve it. The evidence on the question, whether his mental condition was such, at the time the deed was done, as to render him incapable of distinguishing between right and wrong to such an extent as to render him legally and morally irresponsible for his acts and conduct, was fairly before the jury, without error on the part of the court; they decided it again

for the plaintiff and against the company; and whilst this court, if in the jury box, might have rendered a different verdict, we do not feel empowered by law to set aside the verdict approved again by the presiding judge, because we cannot say that there is not enough evidence to support it. The testimony of Mrs. Merritt and of Mr. Crawford, and the very singular circumstances of the manner of the suicide, and the very curious memoranda left by the deceased, supported by the opinion of a physician, we cannot say are not enough clearly to show that he was deranged when the act was done.

In respect to the other point in issue, whether the hand of the deceased himself inflicted the stabs and cuts which killed him, we have little doubt if, indeed, there be any; but, admitting that he killed himself, we think the verdict sufficiently sustained on the point of his insanity to support it, and do not feel at liberty to set it aside because we, as jurors, might have looked at it differently.

Judgment affirmed.