## BUTLER *v.* SAMS.

1. Under the pleadings and the evidence, a verdict was demanded for the defendant; and if there was any error in the charge, as complained of, it would not require the grant of a new trial.
2. The plaintiff tendered in evidence a statement of account rendered by him to the defendant, showing the balance claimed by plaintiff on account of the transactions involved in the suit, together with a letter from the plaintiff, offering to accept the defendant's note therefor. These documents bore date more than two years after the sale, and were properly rejected by the court.

SEPTEMBER 28, 1912.

Complaint. Before Judge Morris. Cobb superior court. January 31, 1911.

In an action by R. E. Butler against W. A. Sams the petition alleged that the defendant was indebted to the plaintiff in the sum of $3,600 principal, and interest, by reason of the following facts: On September 20, 1907, petitioner sold to defendant described land for $10,000, $6,400 of which was to be paid in cash on January 1, 1908, the balance to be paid on the date last mentioned in "nine thousand (9,000) shares of Los Colorados Mining Stock, par value one dollar per share, at the price of forty cents per share, cash value." The contract of sale was evidenced by a bond for title. On January 2, 1908, the defendant paid the amount which had been promised to be paid in money, received from the plaintiff a warranty deed, and promised in a "day or two" to deliver to plaintiff the nine thousand shares of stock. The land was worth $10,000, and the stock was represented by the defendant to

be of the value of forty cents per share, and was accepted at such value by plaintiff, and in fact at that time it was bringing that, price on the market. The defendant failed to deliver the stock, though frequent demands had been made for it, and in the meantime it depreciated in value and was worthless at the time of the institution of the suit. After alleging in substance as above set forth, the petition further alleged that defendant "having failed and refused to turn over said stock according to his contract, and said stock having become worthless, petitioner brings this suit for the balance purchase-money of said land, to wit, thirty six hundred ($3,600.00) dollars, with interest from January 1st, 1908, at 7 per cent. per annum," and prayed for process, and that "plaintiff have a verdict and judgment for said principal sum with interest as above set out." The petition contained a second count, which was in substance as above indicated, except that instead of suing "for the balance purchase-money," it was alleged that the suit was "for the value of said stock at the time the same should have been delivered to petitioner." On the trial the plaintiff abandoned the second count, and relied solely on the first. The jury returned a verdict in favor of the defendant. The plaintiff filed a motion for new trial, which was overruled, and he excepted.

*Mozley & Moss,* for plaintiff.

*D. W. Blair* and *Clay & Morris,* for defendant.

ATKINSON, J. Properly construed, the first count was an action on the contract for money, being the balance of the purchase-price alleged to be due for the land. By the record before us there was no agreement to pay the balance of the alleged purchase-price otherwise than in stock; and hence there could be no recovery by the plaintiff under the first count. There was no evidence to show the market value of the stock at the time it was contracted to be delivered; and hence there could be no recovery under the second count. Under these circumstances, a general verdict in favor of the defendant was demanded by the evidence; and if there was any error in the charge of the court, as complained of, it would not require a new trial.

*Judgment affirmed. All the Justices concur.*