## WYATT *v.* NAILER *et al.*

ATKINSON, J. Mrs. Mary Wyatt executed an instrument which purported, in consideration of love and affection, to convey in fee certain town lots, on which were a dwelling and certain outhouses, to her niece, Edith Nailer, and her husband, R. N. Nailer. Following the granting clause were the words: "The said Mrs. Nailer shall come and live in said house with the said Mrs. Wyatt, seeing after her welfare and taking care of her during her natural life, and at her death to see that all her burial expenses are paid; and should there be any personal property left, it shall go to the said Mr. and Mrs. Nailer as their own individual property in fee simple." The instrument was executed under seal by all the parties therein named. Mrs. Wyatt instituted an action against Mr. and Mrs. Nailer, to cancel the instrument on the basis of a breach of the covenant and the insolvency of the defendants. The exception is to a judgment granting a nonsuit. *Held*:

1. The instrument involved in this case conveyed the legal title in fee to the realty, to take effect immediately.

2. The words of the instrument, "seeing after her [Mrs. Wyatt's] welfare and taking care of her during her natural life," mean providing for her support and maintenance, as well as for personal attention (Cabeen *v.* Gordon, 1 Hill Eq. (S. C.) 51, 56; Christy *v.* Pulliam, 17 Ill. 59, 61; Kelly *v.* Jefferis, 3 Pennewill (Del.), 286 (50 Atl. 215, 216); 9 C. J. 1286, § 1, n. 52), and, in the connection in which they were used, constituted a covenant by Mr. and Mrs. Nailer that the latter should support and maintain Mrs. Wyatt during her life, in the house conveyed, as well as giving her personal attention.

3. The judgment granting a nonsuit was predicated on an erroneous construction of the covenant, the judge holding in effect that the covenant was restricted to personal attention, and did not cover maintenance and support.

4. Breach of the covenant, coupled with insolvency of the defendants, will authorize a decree of cancellation of the instrument. McCardle *v.* Kennedy, 92 *Ga.* 198 (17 S. E. 1004, 44 Am. St. R. 85); *Jones* v. *Williams*, 132 *Ga.* 782 (64 S. E. 1081); *Wood* v. *Owen*, 133 *Ga.* 751 (66 S. E. 951); *Davis* v. *Davis*, 135 *Ga.* 116 (69 S. E. 172). The evidence was sufficient to show prima facie a breach of the covenant and insolvency of the defendants as alleged.

5. Applying the principles announced in the preceding notes, it was error to grant a nonsuit.          *Judgment rveersed.     All the Justices concur.*

No. 2630.     FEBRUARY 28, 1922.

Equitable petition. Before Judge Wright. Chattooga superior court. March 14, 1921.

*J. R. Whitaker* and *Wesley Shropshire,* for plaintiff.

*J. M. Bellah* and *Maddox & Doyal,* for defendants.