*Lowrey Stone*, for plaintiff.   *C. L. Glessner*, for defendant.

---

#### 17252.   CONCEALED BED CORPORATION *v.* WILLIAMS.

STEPHENS, J.   1. Where a person represents that he has authority to negotiate in behalf of another a contract containing certain stipulated terms, that he has the ability to procure the other person to sign and execute as a contract a certain written instrument containing the stipulated terms referred to, that it is the present intention of the person making the representations to procure the signature of the other person to the written instrument, and that it is also the present intention of the other person to sign the written instrument and thereby execute it as a contract, the representations constitute representations of present existing facts, and may amount to a fraud. *Atlanta Skirt Mfg. Co.* v. *Jacobs*, 8 *Ga. App.* 299 (68 S. E. 1077).

2. Where such representations are false and the person making them, with knowledge of their falsity, induces another, who relies upon them as true, to pay out, in consideration of the execution of the contract, a sum of money which he does not owe, and where the person whose signature to the contract was to be procured afterwards refuses to sign it and the contemplated contract is never executed, and the party paying the money receives no consideration therefor, such representations amount to a fraud perpetrated upon the person who pays out the money, and the latter, in parting with the money, relying upon such false representations, is thereby defrauded.

3. The facts outlined in paragraphs 1 and 2 above as being sufficient to set out a cause of action for fraud and deceit are in effect contained in the allegations of a petition where it is alleged:   that the plaintiff was a stockholder in a corporation A, which was indebted either to the defendant or to a corporation B in a certain sum of money, that the defendant, by and through a named person, who was its president, represented to the plaintiff that, if the plaintiff would pay A's indebtedness, both the defendant and B would agree to ship to A certain articles of merchandise, that such agreement was evidenced by a written instrument which the defendant, through its said president, signed

Fraud, 26 C. J. p. 1062, n. 50; p. 1065, n. 66; p. 1066, n. 71; p. 1082, n. 89, 3; p. 1108, n. 28; p. 1137, n. 78; 27 C. J. p. 29, n. 63; p. 30, n. 77; p. 31, n. 86; p. 32, n. 94; p. 33, n. 1, 7; p. 36, n. 39; p. 37, n. 47.

and executed, but which was not signed and executed by B, that the defendant, through its said president, represented to the plaintiff that the defendant and its said president had authority from B to negotiate the said contract, and it was B's intention to sign and execute the contract and thereby ratify the defendant's negotiations, and the defendant would procure B's ratification of the agreement; and where it is further alleged that the plaintiff, relying upon these representations as true, paid the indebtedness of A, that the representations made by the defendant through its said president were false and were known to the defendant to be false, that B has never signed or executed the contract, and that neither the defendant nor B has ever performed any of the obligations contained in the contract, but have failed and refused to ship any of the merchandise as provided for in the contract; although repeatedly requested by the plaintiff to do so, and where it is further alleged that the plaintiff has received nothing whatsoever for and in consideration of the money thus paid out in reliance upon the alleged false and fraudulent representations of the defendant, and that as a result of such alleged false and fraudulent conduct on the part of the defendant the plaintiff has suffered a total loss in the amount of the money paid out.

4. The petition set out a cause of action and the demurrer thereto was properly overruled.

> *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 24, 1927.

Attachment; from city court of Atlanta—Judge Reid. February 22, 1926.

STATEMENT OF FACTS BY STEPHENS, J.

F. Graham Williams brought suit against Concealed Bed Corporation alleging: that the defendant had injured and damaged him in the sum of $1,105, with interest thereon at seven per cent. from October 24, 1924; that the plaintiff on said date was a stockholder in the Holmes Disappearing Bed Company of Georgia; that the latter corporation was a distributor in the State of Georgia for the concealed or disappearing beds manufactured by the defendant or the Holmes Disappearing Bed Company of Chicago; that at the said time the Holmes Disappearing Bed Company of Georgia was indebted to the defendant or to the Holmes Disappearing Bed Company of Chicago in the sum of $1,105, which the Holmes Disappearing Bed Company of Georgia was unable to pay; that the defendant, the Concealed Bed Corporation, "acting by and through its president J. A. Stephens, did at that time by fraud and false representations induce the plaintiff to pay said indebtedness for said Georgia corporation"; that "said fraud and false representations consisted of the statement by said president, Stephens, acting for defendant, that the Concealed Bed Corporation and said Ste-

phens had authority to negotiate for the Holmes Disappearing Bed Company of Chicago an agreement whereby, if plaintiff would pay said account, shipments of parts and beds would be made by said Holmes Disappearing Bed Company of Chicago and the defendant to said Georgia corporation, upon the terms set forth in the agreement hereto attached and marked 'Exhibit A,' and that it would have said agreement ratified and approved by the proper officer of said Holmes Disappearing Bed Company of Chicago, and that it was the bona fide intention of both of said corporations and of the said Stephens, as president of defendant, to enter into a valid and binding agreement with the plaintiff and said Georgia corporation, as set forth in said 'Exhibit A'"; that "all of said representations were false and fraudulent and were made knowingly by said Stephens, acting for defendant, for the purpose of including [inducing?] plaintiff to pay said $1,105, which they knew he was under no legal obligation to do, and without any intention whatsoever of ever complying with any of the terms of said agreement, and without any intention whatsoever at that time of ever performing or complying with any of the terms of the agreement which is referred to as 'Exhibit B'"; that "said defendant or Stephens had no authority to make said agreement referred to as 'Exhibit A' on behalf of said Holmes Disappearing Bed Company of Chicago, and that its representation to plaintiff that it had such authority was fraudulent and false"; that "the payment of said sum of money by plaintiff was induced by said false and fraudulent representation and by the fraud of the defendant and its president, in that plaintiff charges that neither said defendant nor its president ever had any intention of making or performing any of the terms of either of the agreements referred to as 'Exhibit A' and 'B,' but that it was a scheme and a plan on the part of the defendant and its president to induce the plaintiff to pay the debt of the Georgia corporation without obtaining anything whatsoever for it"; that "the defendant nor said Holmes Disappearing Bed Company of Chicago has performed any of the obligations stated in said contract marked 'Exhibit A,' but have breached all of the premises and agreement contained therein"; that "although repeatedly requested to do so by the plaintiff, said defendant has failed and refused to ship any of the beds or parts of beds referred to in said 'Exhibit A'"; that "by reason of said conduct

and fraud and misrepresentation of said defendant, plaintiff has been injured and damaged in the sum of $1,105, which has been a total loss to him, in that said Holmes Disappearing Bed Company of Georgia is insolvent and has been ever since said debt was paid."

The written instrument, as contained in "Exhibit A," was signed by Concealed Bed Corporation, by J. A. Stephens, president, and the Holmes Disappearing Bed Company of Georgia, by A. C. Conyers, vice-president, but was not signed by Holmes Disappearing Bed Company of Chicago, although a blank for its signature was indicated. In so far as its contents are material, this instrument contains obligations upon the part of the defendant and the Holmes Disappearing Bed Company of Chicago to ship material for the manufacture of beds when required by the opposite party to the contract. "Exhibit B" reads as follows:

"Atlanta, Ga. Oct. 24, 1924.

"Mr. F. Graham Williams, c/o F. Graham Williams Brick Co.,
"Candler Building, Atlanta, Ga.

"Dear Sir: In order to get the matter between the Holmes Disappearing Bed Company of Ga. and the Concealed Bed Corporation and Holmes Disappearing Bed Company of Chicago adjusted today I hereby obligate myself and agree to have the agreement which I signed for the Concealed Bed Corporation of this date signed by the president of the Holmes Disappearing Bed Company of Chicago. I will send you a letter or settlement showing authority of Concealed Bed Corporation to sell products of Holmes Disappearing Bed Company of Chicago and Marshall & Stearns Co. of Illinois.

"Concealed Bed Corporation, by A. J. Stephens, President."

The court overruled the general demurrer to the petition.

*Walter S. Dillon,* for plaintiff in error.

*Troutman & Troutman,* contra.