MORRIS, administrator, *v.* FAIN *et al.*

Where the expressed consideration of a deed of conveyance of realty was "the care and boarding of parties of the first part by the parties of the second part so long as either of the first parties shall live, two years of such care already having been given by parties of the second part, which is made a part of this consideration; should parties of the second part fail to continue to support or provide herein, then the consideration herein shall fail pro tanto," in an action by the administrator of the deceased grantors, to cancel the deed, *held:*

1. An allegation that the contract was unilateral, because the grantees did not sign the deed or bind themselves to fulfill any part of the contract, was demurrable.

Pleading, 31 Cyc. p. 287, n. 49; p. 299, n. 34; p. 322, n. 24.

2. An allegation that at the time of signing the deed both of the grantees were insolvent, that neither of them had any financial means of carrying out their part of the contract, and that neither of them performed their part of the contract by caring for either of the decedents before their death, was not demurrable on the ground that the solvency of the grantees was immaterial and irrelevant.

3. An allegation that the grantees did not pay the burial expenses of the deceased grantors was demurrable.

No. 6068. FEBRUARY 17, 1928.

Equitable petition. Before Judge Roop. Floyd superior court. May 16, 1927.

*Harris & Harris,* for plaintiff.

*John Camp Davis* and *Porter & Mebane,* for defendants.

HILL, J. A paper was executed as follows:

"Georgia, Floyd County. This indenture of agreement, made this the 9th day of June, 1924, between Asa Johnson and Katie Johnson, parties of the first part, of Floyd County, Georgia, and Charles Fain and Ella Fain, of the second part, of said county, witnesseth: That, for the consideration hereinafter expressed, parties of the first part hereby sell and convey to the parties of the second part the following property, to wit: the house and lot on Ross Street where parties of the first part reside, the same being a lot 156 feet by 56 feet, with a three-room house thereon; also all household and kitchen furniture and any and all personal property belonging to said parties of the first part. To have and to hold said property in fee simple. Reserving and excepting to parties of the first part the joint use of said described property with said parties of the second part so long as both or either of the parties of the first part shall live. The consideration of this deed of conveyance is the care and boarding of parties of the first part by the parties of the second part so long as either of the first parties shall live. Two years of such care already having been given by parties of the second part, which is made a part of this consideration. Should parties of the second part fail to continue to support or provide herein, then the consideration herein shall fail pro tanto. In witness whereof the said parties of the first part have hereunto set their hands and seals, this June 9th, 1924.

Asa Johnson

Witness:                                                        her

Ruth Pierce                                       Katie  x  Johnson

John Camp Davis, N. P. Floyd County, Ga."          mark.

This paper was duly recorded. The grantors, Asa Johnson and Katie Johnson, were husband and wife. Asa Johnson died on January 18, 1925, and Katie Johnson died soon thereafter. Charles W. Morris was appointed administrator of the estates of Asa Johnson and Katie Johnson; and on December 22, 1925, he instituted suit against the grantees, Charles Fain and Ella Fain, to cancel the deed. The grounds alleged for cancellation were, that the contract was unilateral, because the grantees did not sign the same or bind themselves in any way to fulfil any part of the contract; that at the time of signing the contract both of the defendants were insolvent, and neither of them had any financial means of carrying out their part of the contract; that neither of them before the death of Asa Johnson and Katie Johnson performed their part of the contract by caring for either of the decedents, nor did defendants pay the burial expenses of the deceased; that the defendants deceived and defrauded the decedents into allowing them to enter into possession of said property, by taking advantage of their mental condition and not making known to them that they (the defendants) had no way or means for caring for decedents; and that the decedents were unable to make the contract, on account of mental incapacity. The defendants filed a demurrer to the petition. The special grounds of demurrer were: (1) As a matter of law the contract is not unilateral. (2) As a matter of law the solvency of the defendants under the contract is immaterial and irrelevant. (3) The contract did not require the defendants to bury the decedents. These three grounds of the demurrer were sustained and the plaintiffs excepted pendente lite. The defendants also filed an answer. A verdict for the defendants was returned. The plaintiffs made a motion for new trial, which was overruled, and they excepted, assigning error also on the exceptions pendente lite.

1. The contract upon its face was not unilateral, and the court did not err in sustaining the first ground of special demurrer.

2. It was held in *Wood* v. *Owen,* 133 *Ga.* 751 (3) (66 S. E. 951): "If a deed conveying land in fee simple was made in consideration that the grantee agreed to remain with the grantor and wait on and care for her, and a year or so thereafter the grantee moved away and married, this alone would not render the deed void, but in the absence of fraud or special facts, such as in-

solvency, the remedy would be by an action for breach of the contract. *McCardle* v. *Kennedy, 92 Ga.* 198 (17 S. E. 1001, 44 Am. St. R. 85) ; *Lindsey* v. *Lindsey, 62 Ga.* 546 ; *Kytle* v. *Kytle, 128 Ga.* 387 (57 S. E. 748)." In this case the petition alleged that the defendants were insolvent, and that they had failed to provide the support for the grantors up to the time of their death, which was mentioned as a part of the consideration of the deed. It was erroneous to sustain the demurrer as to these allegations.

3. The contract did not require the grantees to bury the grantors or to pay their burial expenses, and there was no error in sustaining the third ground of special demurrer.

4. The error in sustaining the second ground of demurrer rendered all further proceedings in the case nugatory. *Johnson* v. *Tullis,* 152 *Ga.* 232 (109 S. E. 659) ; *Wyatt* v. *Nailer,* 153 *Ga.* 72 (111 S. E. 419) ; *Fletcher* v. *Fletcher,* 158 *Ga.* 899 (124 S. E. 722). *Judgment reversed. All the Justices concur.*