BURKHALTER, administrator, *et al. v.* DeLOACH.

No. 7763.   October 20, 1930.

*W. T. Burkhalter,* for plaintiffs in error.

*H. H. Elders* and *R. N. Odum,* contra.

HINES, J.   On April 30, 1925, Epsy McQueen, by her deed in consideration of the sum of $50 and of love and affection (with covenants hereafter stated), conveyed to Mannie DeLoach, her granddaughter, a described tract of land, all her money, notes, and accounts, which she then owned or might own at the time of her death, and all her household and kitchen furniture then located in her house, one mule, and all her cattle and hogs upon the land conveyed, the grantor reserving to herself a life-estate in all the property so conveyed, and providing that this conveyance "is made to the said Mannie DeLoach because she is my granddaughter and I have reared her, and she is now living with me and taking care of me, and is to continue to do so as long as I live."

■ The deed thus created a covenant binding the granddaughter, who was living with and taking care of her grandmother at the date of the execution of the conveyance, to continue to live with and care for her grandmother so long as the grandmother lived. *Lindsey* v. *Lindsey, 62 Ga.* 546, 550; *McCardle* v. *Kennedy, 92 Ga.* 198 (17 S. E. 1001, 44 Am. St. R. 85).

■ In case of a covenant which is the sole consideration of an absolute deed of conveyance, a breach thereof, coupled with insolvency of the covenantor, will authorize a decree of cancellation of such instrument, although the instrument contains no condition upon the happening of which the estate is to determine. *Wood* v. *Owen, 133 Ga.* 751 (3) (66 S. E. 951); *Wyatt* v. *Nailer, 153 Ga.* 72 (4) (111 S. E. 419); *Fletcher* v. *Fletcher, 158 Ga.* 899 (124 S. E. 722).

■ After the execution of the deed just referred to, the granddaughter was, in the latter part of the year 1925, severely whipped by persons whose identity is not disclosed in the record, inferentially for the purpose of driving her from the home of her grandmother. In fear of great bodily harm, the granddaughter left the home of her grandmother. She afterwards returned in July, 1926, to live with and care for her grandmother. Within a week after her return a letter was found on the porch of the grandmother's home, in which she was threatened with further bodily violence if she did not leave; in consequence of which, and under fear of further violence, she again left her grandmother's home. The grandmother in both instances consented for her to go, deeming this course to be best for the safety of her granddaughter, and furnishing her the means of defraying her expenses in going; and thereafter the grandmother expressed her wish and desire that the granddaughter should have her property, such wish and desire being expressed as late as the fall of 1928. The grandmother lived until February, 1929, and never sought to cancel or rescind the conveyance before her death. On evidence of the facts just recited, the jury was authorized to find that the grandmother had waived any forfeitue by the granddaughter of her title to the property conveyed, by reason of her failure to live with and care for her grandmother as long as the latter lived. *Wood* v. *Owen*, supra. Forfeiture resulting from the breach of a covenant may be waived, and a waiver will result from circumstances as well as express language

to that effect. Where the waiver extends to the whole forfeiture, all benefit to be derived therefrom is gone. *Moss* v. *Chappell,* 126 *Ga.* 196, 205 (54 S. E. 968, 11 L. R. A. (N. S.) 398) ; *Jones* v. *Williams,* 132 *Ga.* 782 (3) (64 S. E. 1081) ; *City of Barnesville,* v. *Stafford,* 161 *Ga.* 588 (4) (131 S. E. 487, 43 A. L. R. 1045). If the grandmother waived the forfeiture arising from the failure of the grandmother to live with and care for her during her life, her administrator can not set up such forfeiture after her death; and this is especially so where the duty to live with and care for the grandmother was only a part of the consideration for the conveyance. *Wilkes* v. *Groover,* 138 *Ga.* 407 (2) (75 S. E. 353).

■ Where the expressed consideration of the deed from the grandmother to the granddaughter embraced the further covenant that the granddaughter was to pay all the expenses of the last illness of the grandmother, give her a decent burial, and erect a plain and fitting tombstone over her grave, the failure of the granddaughter to pay these expenses, to give the grandmother a decent burial, and to erect such tombstone over her grave, did not, under the facts of this case, work a forfeiture of her right to the property conveyed by the deed. In four grounds of their motion for new trial the defendants, after quoting certain testimony of various witnesses and of the plaintiff, contended that the plaintiff was not entitled to recover the property of her grandmother, for the reasons (1) that she did not continue to live with and care for her grandmother after the execution of the deed; (2) that the plaintiff did not pay all the expenses of the last illness of the grandmother, give her body a decent burial, and erect a plain and fitting tombstone over her grave; (3) that she is insolvent, was insolvent at the time of the execution of the deed, and has been so ever since; (4) that the grandmother desired and wanted plaintiff to return home and live with and take care of her, and was worried because she did not; (5) that the conduct of the plaintiff herself was the cause of her being whipped and having to leave temporarily, that the grandmother consented for her to go away for a short time in order that public sentiment might cool sufficiently for her to return, but that the grandmother did not consent for her to stay away indefinitely, or relieve her of the performance of the requirements in the deed; and (6) that there had been a complete breach by the plaintiff of the covenants in the deed, for which the grandmother was not

responsible, for which breach neither the grantor nor her heirs can recover any damages because of the insolvency of the plaintiff. Under the rulings stated above, these grounds of the motion for new trial and other facts appearing in the record do not require the grant of a new trial.

■ The court charged the jury "that that is a condition subsequent, that condition in this deed; and the failure of Mannie DeLoach to comply with that condition in the deed would amount to a forfeiture of her right to hold that property described in that deed, unless you should find from the evidence that Epsy McQueen waived or released Mannie DeLoach from the performance and carrying out that condition in the deed; and if Mrs. Epsy McQueen, either by express agreement or by an implied waiver, waived that condition in the deed requiring Mannie DeLoach to continue to live with her as long as she lived and take care of her, then I charge you that she would have had the right to waive it and release Mannie De-Loach from that; and if she did that, then her failure to carry out that condition in the deed would not amount to a forfeiture and loss of her rights to the property in question." The defendants excepted to this charge, upon the ground that the court erred in the use of the language, "and if Mrs. Epsy McQueen, either by express agreement or by an implied waiver, waived that condition in the deed, . . then her failure to carry out that condition in the deed would not amount to a forfeiture . . of her rights to the property." Defendants contend that the error in using such language consists chiefly in the use of the phrase "by an implied waiver," the court nowhere defining what was meant by such phrase, and leaving the jury to guess what was meant thereby and for what length of time the implied waiver lasted, the defendants contending that the grantor only consented for the plaintiff to be absent a short time, and the plaintiff contending that the grantor consented for her absence for an indefinite length of time; and that the jury were authorized and directed by the court to find for the plaintiff even though the implied waiver was intended for a very short time in order that the passions of the people might cool and reason resume its sway in their minds. The trial judge did not, for the reasons assigned, err in this instruction. If the defendants wished further and other instructions on this subject, they should have preferred appropriate written requests therefor.

■ In another ground the defendants allege that the verdict was contrary to this charge of the court: "On the other hand, if you should find that Mannie DeLoach has forfeited her right to this property by failing to carry out the provisions of this contract, then it would be your duty to find in favor of the defendants." The defendants contend that a verdict in their favor was demanded, finding that the plaintiff had not carried out the provisions of the deed. The evidence not demanding a finding that the plaintiff had forfeited her right to the property involved, this contention is without merit.

■ Defendants insist that the court erred in charging the jury as follows: "Or if you should find that said deed was not made, executed, and delivered for a consideration, as contended by plaintiff, then you must find for the defendants." The error assigned is that this instruction eliminated from the consideration of the jury the question whether the plaintiff had forfeited her rights under this deed, by failure to comply with the conditions thereof, and left the jury to infer that, if the deed was executed and delivered for a consideration, they were to find for the plaintiff. The defendants in their answer set up the defense that the deed under which plaintiff claimed title to the property involved was never made, executed, and delivered for a consideration as set up by the plaintiff. The defendants introduced evidence tending to show that the signature of the maker of this deed was not genuine. The plaintiff introduced evidence tending to show that the grantor's signature was genuine, and that she executed the deed. The court fully submitted to the jury the issue of forfeiture vel non by the plaintiff of her rights under this deed, and the consequences of such failure. This instruction was therefore not error for the reason assigned.

■ The verdict was supported by the evidence.

■ The verdict was a general one in favor of the plaintiff. Properly construed, the finding is against E. E. Purvis as ordinary, and against W. M. Burkhalter as temporary administrator; and we are of the opinion that it is contrary to law as to the ordinary and should be set aside. As to this defendant we grant a new trial; and under the Civil Code (1910), § 6103 (2), Penal Code (1910), § 1095 (2), we direct that the ordinary be stricken as a party to the case, and that the decree entered on the verdict be so modified as

to enjoin the temporary administrator only from selling the property embraced in the deed from Epsy McQueen to plaintiff. The costs of bringing the case to this court are awarded against the defendant Burkhalter.

*Judgment affirmed, with direction. All the Justices concur.*