21510. RYALS *v.* LIVINGSTON.

44

DECIDED FEBRUARY 23, 1932.

*Strozier & Gower,* for plaintiff in error.
*McDonald & McDonald,* contra.

BELL, J. (After stating the foregoing facts.)

We think the court erred in not sustaining the general demurrer and dismissing the petition. The plaintiff is suing for a breach of contract, and is seeking damages therefor. He did not accept the alleged breach by the defendant as ground for a rescission. In that case he would have been entitled to a restoration of the status, and if the defendant had refused on demand to deliver the plaintiff's automobile back to him, he could have brought a suit for its value. The plaintiff elected a different remedy, however, and in the action as brought the petition fails to set forth any measure of recoverable damages. In suing as for a breach of the contract the plaintiff could recover only the value of the contract, that is, the market value of the automobile which he was to receive from the defendant, less the balance to be paid by the plaintiff, such value to

be determined as of the time and place of the delivery as fixed by the contract. *Harden* v. *Lang,* 110 *Ga.* 392 (36 S. E. 100) ; *Butler* v. *Sams,* 138 *Ga.* 748 (75 S. E. 1127) ; *Busbee* v. *Chapman,* 139 *Ga.* 19 (76 S. E. 377) ; *Adams* v. *Fleming,* 33 *Ga. App.* 742 (127 S. E. 819) ; Civil Code (1910), §§ 4270, 4271.

The authorities cited by counsel for the defendant in error can not have application where the plaintiff is not suing upon the theory of a *rescission,* but is expressly claiming damages for a *breach of the contract.* The written agreement as attached to the petition stated only the contract price of the Buick automobile to be obtained by the plaintiff, and alleged nothing as to its market value at the time and place of delivery. The market value might have been greater or less than the contract price, and accordingly the plaintiff might have been entitled to recover more or less than the amount he sued for as the value of the automobile which he traded in. It has been held many times that the failure to state the correct measure of damages is not ground for a general demurrer (*Ford* v. *Fargason,* 120 *Ga.* 708 (6), 48 S. E. 180; *Smith Co.* v. *Strickland Cotton Mills,* 6 *Ga. App.* 522, 65 S. E. 320; *Mendel* v. *Converse,* 30 *Ga. App.* 549 (9), 118 S. E. 586) ; but the defect in the present petition is the failure to allege any amount of recoverable damages. It is a suit for special damages, and there is no claim for general or nominal damages. "The rule that in every case of breach of contract the other party has the right to recover nominal damages does not apply where only special . . damages are sued for, and where such damages are not recoverable." *Hadden* v. *Southern Messenger Service,* 135 *Ga.* 372 (3) (69 S. E. 480). "Where the petition can not be construed as asking for general or nominal damages, but is expressly limited to a prayer for special damages only, and these are not recoverable, the suit is not maintainable, and is subject to be dismissed on demurrer. *Sparks Milling Co.* v. *Western Union Tel. Co.,* 9 *Ga. App.* 728 (72 S. E. 179)." *Truitt* v. *Rust Sales Co.,* 25 *Ga. App.* 62 (2) (102 S. E. 645) ; *Neal* v. *Medlin,* 36 *Ga. App.* 796, 797 (138 S. E. 254) ; *Bush* v. *Addison,* 40 *Ga. App.* 799 (3) (151 S. E. 526).

This is not a case of a mere erroneous statement of the measure by which the amount of the damages is to be determined (*City Council of Augusta* v. *Lamar,* 37 *Ga. App.* 418 (6), 420, 140 S. E. 763; *Central of Georgia Ry. Co.* v. *Greene,* 41 *Ga. App.* 794 (1 *d*),

154 S. E. 809), but the trouble lies in the fact that the damages which the plaintiff actually claims can not be recovered at all, in the suit as framed. The plaintiff in suing as for a *breach* of the contract to deliver the new automobile is necessarily insisting that the defendant shall *keep* the car traded in; otherwise the plaintiff would not be entitled to credit for it in the trade. He is therefore virtually saying to the defendant, "You must keep the car which I traded in, and at the same time pay me its value." He can not put the defendant in such a position, either on a rescission or on a breach of contract. If the defendant must keep the used car, the plaintiff can not recover its value. The plaintiff sues for nothing else.

■ The court erred in not permitting the defendant to testify that he "made the trade on the idea that he was to receive his commissions," and also in excluding the defendant's evidence to the effect that it was the custom of the Buick Motor Company in dealing with its agents to require them to forfeit a portion of their commissions on sales beyond the limits of their territory. The testimony as to the plaintiff's "idea" was not a conclusion, and this, as well as the evidence as to forfeiting commissions, was relevant to the defense pleaded. If the defendant had been seeking to hold the plaintiff to the custom *as a matter of contract,* it would have been necessary to show either that the plaintiff was aware of such custom or that it was of such universal practice as to justify the conclusion that it became by implication a part of the contract; but the defendant testified that he inquired of the plaintiff as to where he resided and stated to him that he could not make the trade unless the plaintiff resided in his territory, and that the plaintiff stated that, although he lived in Atlanta, he was moving to Dodge County, within the territory of the defendant's agency. The plaintiff denied having made any such statement, and it appears that he did not remove to Dodge County. The proffered evidence was admissible for the purpose of showing the materiality of the representations and damage thereby. The plaintiff could have established no right to a rescission for fraud without proof of these elements. *Johnson* v. *Giles,* 69 *Ga.* 652; *Johnson* v. *Watkins,* 26 *Ga. App.* 759 (4) (107 S. E. 341). The fact that the written contract between Buick Motor Company, as seller, and the defendant, as dealer, provided that "dealer agrees to abide by the decision of the

seller regarding the division of compensation due dealer with such other dealer in whose territory such motor vehicle or chassis is used," did not render the evidence as to custom inadmissible. The defendant was bound "by the decision of" the company in such matters, and the rule or custom which the defendant offered to prove was in no wise inconsistent with the "agency" contract.

■ The court charged the jury in effect that if the plaintiff represented to the defendant that he lived in Fulton County but that he intended to move to Dodge County, and that if the truth of the case was that he did have such intention, the plaintiff would be entitled to recover. The purport of this instruction was that if the plaintiff truthfully stated his intention as to removing to Dodge County, there would be no fraud, and the defendant would not be entitled to a rescission merely because the plaintiff failed to execute such intention by changing his place of residence as indicated. Two excerpts containing substantially this instruction were excepted to by the defendant upon the ground that they were not adjusted to the evidence and tended to lead the jury to conclude that there was evidence that at the time of the making of the contract the defendant intended to move to Dodge County. We think the court erred in giving the charges complained of. The plaintiff testified that he made no representations as to his place of residence or as to any intention of removing to Dodge County. The court therefore gave to the plaintiff the benefit of a contention not made, and we cannot say that the defendant was not prejudiced thereby. See, in this connection, *Postal Telegraph Co.* v. *Schaefer Cotton Co.,* 21 *Ga. App.* 729 (9) (94 S. E. 910) ; *Livingston* v. *Hudson,* 85 *Ga.* 835 (8) (12 S. E. 17) ; *Southern Railway Co.* v. *Gresham,* 114 *Ga.* 183 (2) (39 S. E. 883) ; *Southern Cotton Oil Co.* v. *Skipper,* 125 *Ga.* 368 (7) (54 S. E. 110) ; *First National Bank* v. *Langston,* 44 *Ga. App.* 465 (161 S. E. 637).

The plaintiff contends that any representation as to his residing in the City of Atlanta would be immaterial, since Atlanta was also without the defendant's territory. It is further insisted for the plaintiff that the evidence shows nothing more than a promise to remove to Dodge County at some time in the future, and that a mere breach of this promise would not amount to fraud. For these reasons it is claimed that the verdict for the plaintiff was demanded by the evidence, and that none of the errors alleged to have been

committed during the trial could have affected the result. It may be true that the representation as to the plaintiff's residence in Atlanta was immaterial except as a part of the res gestæ, but the jury could have found from the evidence that the plaintiff falsely represented himself as then having a present intention of removing to Dodge County, and thus that he did more than merely make a promise that he would so remove. In such a case the element of fraud would not be lacking. *Atlanta Skirt Mfg. Co.* v. *Jacobs,* 8 *Ga. App.* 299 (3) (68 S. E. 1077); *Concealed Bed Corporation* v. *Williams,* 36 *Ga. App.* 462 (137 S. E. 275); *Donnelly Co.* v. *Milligan,* 37 *Ga. App.* 530 (140 S. E. 918). The contract between the plaintiff and the defendant was executory, and the date of the delivery was postponed to a time when the defendant expected that the plaintiff would be a resident of Dodge County in accordance with his representations. It follows that if the representations were made as contended, the transaction did not appear to violate the dealer's contract as to territory. Civil Code (1910), § 4125. The evidence did not demand the verdict for the plaintiff, and the errors complained of in the motion for a new trial can not be disregarded as harmless.

■ The defendant further complains that the court "erred in failing to charge the jury with respect to the right of the movant to recover storage of the plaintiff." This assignment is too general to present any question for decision, since it contains no statement of the principle upon which it is claimed the jury should have been instructed. *Seaboard Air-Line Ry.* v. *Randolph,* 136 *Ga.* 505 (5) (71 S. E. 887); *Spence* v. *Morrow,* 128 *Ga.* 722, 723 (58 S. E. 356); *Wilson* v. *State,* 156 *Ga.* 42 (118 S. E. 427); *Paulk* v. *Speer,* 143 *Ga.* 621 (2) (85 S. E. 867); *Davidson* v. *Waxelbaum,* 2 *Ga. App.* 432 (3) (58 S. E. 687).

■ For the errors in the exclusion of evidence and in the charge of the court, pointed out above, the defendant was entitled to a new trial. No other error appears.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*