BRINSON *v.* HESTER, administrator.

BELL, Justice. This was a suit to cancel a deed upon the following grounds: (a) Mental incapacity of the grantor. (b) That the grantor was induced to make the deed by the fraudulent promise of the grantee to maintain and support the grantor for the remainder of her life. The

defendant denied the material allegations of the petition. After verdict for the plaintiff and the refusal of a new trial, the defendant excepted. *Held:*

1. A promise by a grantee to maintain and support the grantor, made as an inducement or consideration for the execution of a deed by the latter, does not constitute fraud, so as to authorize a cancellation of the deed, unless the promise was made with a present intention on the part of the promisor not to comply with it. *Atlanta Skirt Mfg. Co. v. Jacobs,* 8 *Ga. App.* 299 (3) (68 S. E. 1077); *Concealed Bed Cor. v. Williams,* 36 *Ga. App.* 462 (137 S. E. 275); *Ryals v. Livingston,* 45 *Ga. App.* 43 (3), 50 (163 S. E. 286); *Crawford v. Davison-Paxon Co.,* 46 *Ga. App.* 161 (166 S. E. 872). A mere failure to comply with the promise would be insufficient to establish such fraudulent intent (*Brooks v. Pitts,* 24 *Ga. App.* 386, 100 S. E. 776); and in such case the remedy of the grantor would be an action for damages, and not a suit for cancellation, in the absence of insolvency of the promisor or other equitable grounds. *Brand v. Power,* 110 *Ga.* 522 (36 S. E. 53); *Thompson v. Lanfair,* 127 *Ga.* 557 (56 S. E. 770); *Davis v. Davis,* 135 *Ga.* 116 (69 S. E. 172); *Fletcher v. Fletcher,* 158 *Ga.* 899 (3) (124 S. E. 722).

2. In the instant case there was no evidence that the promise to maintain and support the grantor, if breached, was made with an intention to defraud, as defined in the preceding note, and the court erred in charging the jury upon the subject of fraud. *Central Georgia Power Co. v. Cornwell,* 139 *Ga.* 1 (2) (76 S. E. 387, Ann. Cas. 1914A, 880); *Jackson v. Bates,* 178 *Ga.* 723, 725 (174 S. E. 352).

3. "Great inadequacy of consideration, joined with great disparity of mental ability in contracting a bargain, may justify equity in setting aside a sale or other contract." Code, § 37-710. Questions of value are peculiarly for the determination of the jury where there is any data in evidence upon which they may legitimately exercise their "own knowledge and ideas." *Baker v. Richmond City Mill Works,* 105 *Ga.* 225 (2) (31 S. E. 426). Under this rule as applied to the evidence in regard to the value of the property and the agreed consideration, and in view of the evidence as to the mental condition of the grantor, it can not be said that a charge in the language of the quoted section was unwarranted by the evidence. Nor is it cause for a reversal that the charge may not have been warranted by the pleadings, since the evidence related to the same cause of action and was admitted without objection. *Napier v. Strong,* 19 *Ga. App.* 401 (2) (91 S. E. 579).

4. The charge on mental incapacity of the grantor was authorized by the evidence.

5. The judge did not err, as against the defendant, in charging the jury that testimony which had been introduced as to the mental incapacity of the grantor before and after the date of the deed had been admitted in evidence only that the jury might "consider it to see whether or not it would throw light on what was the real mental condition" of the grantor at the time the deed was executed. *Cotton States Life Ins. Co. v. Merritt,* 59 *Ga.* 664; *Pennington v. Perry,* 156 *Ga.* 103 (6) (118 S. E. 710); *O'Berry v. Davis,* 31 *Ga. App.* 755 (2) (121 S. E. 857).

6. For the reason pointed out in note 2 above, the court erred in refusing a new trial. *Judgment reversed. All the Justices concur.*

No. 12030. MARCH 17, 1938.

*M. E. O'Neal* and *G. G. Bower,* for plaintiff in error.
*D. R. Bryan* and *H. G. Bell,* contra.