ARRINGTON *v.* ARRINGTON *et al.*

No. 13094.   MARCH 13, 1940.

*C. A. Christian,* for plaintiff.   *S. B. McCall,* for defendants.

ATKINSON, Presiding Justice.   1.   A deed executed by Mrs. Bettie Arrington to her son N. F. Arrington, dated September 20, 1933, purported to convey a described tract of land containing 178 acres,

more or less. The instrument recited that it was made "in consideration of the sum of ten dollars (and other considerations) in hand paid." Immediately following description of the property it was further stated that, "as a part of the consideration in this deed, the grantee agrees to provide the maker hereof a home and the necessaries of life during her natural life." Immediately following were habendum and warranty clauses such as are usually contained in conveyances of land in fee simple, with general warranty of title.

The deed not expressly stating a condition and that the breach thereof should cause forfeiture of the estate granted, as was provided in the instruments involved in *Wilkes* v. *Groover,* 138 *Ga.* 407 (75 S. E. 353), *Plemmons* v. *Sharp,* 156 *Ga.* 571 (119 S. E. 532), and similar cases, the clause as to providing a home and necessaries of life for the grantor might, by acceptance of the deed and entry of possession thereunder, become binding upon the grantee as a covenant (Code, § 29-102; *Union City Realty & Trust Co.* v. *Wright,* 138 *Ga.* 703, 76 S. E. 35; *Louisville & Nashville Railroad Co.* v. *Nelson,* 145 *Ga.* 594, 89 S. E. 693, and cit.) ; but the deed did not create a condition subsequent the breach of which under the Code, § 85-902, would cause a forfeiture or termination of title conveyed by the deed. *City of Atlanta* v. *Jones,* 135 *Ga.* 376, 379 (69 S. E. 571) ; *Burkhalter* v. *DeLoach,* 171 *Ga.* 384 (1, 4) (155 S. E. 513). The language of the deed in the instant case is not so broad as that employed in the deed involved in *Lucas* v. *Lucas,* 171 *Ga.* 806 (156 S. E. 680, 76 A. L. R. 737), which was construed by this court as a conveyance upon condition subsequent.

2. "A breach of a covenant which is the sole consideration of an absolute deed of conveyance, coupled with insolvency of the covenantor, will authorize a decree of cancellation, although the deed contains no condition on the happening of which the estate is to determine." *Burkhalter* v. *DeLoach,* supra. On principle, the relief would also extend to recovery of possession of the land.

(*a*) Insolvency of the grantee, N. F. Arrington, was alleged in paragraph 13 of the petition in the instant case. That paragraph was not mentioned in the defendant's answer, and consequently under the pleading statutes insolvency is deemed admitted. There was evidence of acceptance of the deed hereinabove mentioned, and entry of actual possession thereunder, and of breach of the covenant quoted above.

(b) On the basis of breach of covenant, coupled with insolvency, if nothing further had been involved, the pleadings and the evidence would have shown a prima facie case for cancellation and recovery of possession of the land; but there was something further, as will be dealt with in the next succeeding division.

3. On August 7, 1935, N. F. Arrington, the grantee in the deed above mentioned, executed a deed conveying 120 acres of the 178-acre tract to his wife, Mrs. Nellie Arrington, and their children, and on the same day executed a deed to his mother reconveying the remaining 58 acres to her. That deed contained the following: "It is mutually understood between the parties hereto that the grantee assumes one half Federal Land Bank loan on this tract, and on the tract of land this day deeded to Mrs. Nellie Arrington et al., that will fall due after January 1st, 1936; but it is understood that the grantor is to pay all amounts due and which will fall due on said loan up to July 1st, 1936, and also to pay 1934 taxes on this tract and said tract which he has this date deeded Mrs. Nellie Arrington et al. It is mutually understood and agreed between the parties that the grantor is to have of the gathering of the crops of the above-described lands yet ungathered. It is further understood and agreed that this deed is made subject to an outstanding deed to secure debt in favor of J. P. Knight and Corbitt & Sumner, recorded in the office clerk superior court, Cook County, Georgia, records of deeds book 13, page 351. Grantee accepts the property bases ½ Government, ½ cotton, and tobacco acreage. Grantee accepts this property and relieves grantor and the property this day deeded to Mrs. Nellie Arrington et al. from any claim grantee may or could have." The grantee in this deed of reconveyance at first refused to accept the deed; but on the following day when it was again tendered, she received physical possession of it and about three weeks thereafter caused it to be recorded. She testified: "He told me I could take this or nothing, and I thought it was better to have a little something back than nothing." She continued to reside on the property so conveyed to her, and accepted ½ share of the corn crop as provided in the deed. *Held:*

(a) Record of this deed was prima facie evidence of its delivery. *Wellborn* v. *Weaver,* 17 *Ga.* 267, 275 (63 Am. D. 235); *Harvill* v. *Lowe,* 47 *Ga.* 214, 217; *Lowry* v. *Lowry,* 150 *Ga.* 324 (2) (103 S. E. 813); *Henderson* v. *Kemp,* 155 *Ga.* 489 (2) (117

S. E. 244); *Daniel* v. *Stinson*, 179 *Ga.* 701 (3) (177 S. E. 590). And the above-quoted testimony was direct evidence of acceptance. So also was her testimony as to entry of possession under the deed. After that deed her occupancy and collection of ½ of the corn crop was as proprietor or owner of the land.

(*b*) In the circumstances the grantee was bound by the covenant: "Grantee accepts this property and relieves grantor and the property this day deeded to Mrs. Nellie Arrington et al. from any claim grantee may or could have." Code, § 29-102; *Union City Realty & Trust Co.* v. *Wright*, supra; *Louisville & Nashville Railroad Co.* v. *Nelson*, 145 *Ga.* 594 (supra), and the covenant estopped the grantee from asserting any claim of right to cancellation of the deed from the plaintiff to N. F. Arrington, and the subsequent deed from him to his wife, Mrs. Nellie Arrington and their children.

(*c*) Testimony of the grantee (plaintiff), that in accepting and recording the deed reconveying the 58-acre tract, she did not intend thereby to release the defendant N. F. Arrington from his obligation to return to her the whole 178-acre tract, was contradictory of the terms of the deed, and was incompetent. The judge did not err in excluding this testimony.

(*d*) Complaint of another ruling on objection of evidence, as set forth in the last ground of the motion for a new trial, shows no error.

4. The foregoing rulings are controlling. Under the pleadings, and the evidence introduced by the plaintiff, the judge did not err in granting a nonsuit and dismissing the action.

*Judgment affirmed. All the Justices concur.*