DUMAS *et al. v.* DUMAS.

HEAD, Justice. 1. Where the consideration recited in a deed is "one dollar, furnishing grantor a home, food, medicine, doctor's bills, hospital bills, burial expenses and all the other necessities of life during grantor's lifetime," and the grantee has failed and refused to furnish the grantor the specified items, ordinarily the remedy of the grantor would be an action for damages. Code, § 85-902; *Brinson* v. *Hester,* 185 *Ga.* 761, 762 (196 S. E. 412).

(a) The grantor may maintain an equitable action to rescind the contract if the grantee is insolvent (*Lindsey* v. *Lindsey,* 62 *Ga.* 546; *Wyatt* v. *Nailer,* 153 *Ga.* 72 (4), 111 S. E. 419; *Fletcher* v. *Fletcher,* 158 *Ga.* 899, 124 S. E. 722; *Burkhalter* v. *DeLoach,* 171 *Ga.* 384, 155 S. E. 513); or where fraud is employed by the grantee in the procurement of the deed, or there are other special facts which would make rescission by the grantor an appropriate relief. *Wood* v. *Owens,* 133 *Ga.* 751, 752 (3) (66 S. E. 951); *Morris* v. *Fain,* 165 *Ga.* 879, 881 (142 S. E. 119).

2. An allegation that the defendants are insolvent is not a conclusion of the pleader, but an allegation of an ultimate fact. *Schneider* v. *Smith,* 189 *Ga.* 704, 706 (5) (7 S. E. 2d, 76). The allegation in this case, that "the defendants have not sufficient property above their homestead exemptions of realty and personalty allowed by existing laws to respond to the recovery in any judgment that petitioner may obtain against them in this behalf," is insufficient to allege insolvency of the defendants.

3. Since the petition does not allege insolvency, and no special facts are pleaded to entitle the grantor to the relief of cancellation, the court erred in overruling the general demurrer to the petition.

*Judgment reversed. All the Justice concur.*

No. 16586. APRIL 14, 1949.

*Claud F. Brackett* and *R. B. Pullen,* for plaintiffs in error.
*Frank Grizzard* and *Frank Morrison,* contra.