## BOLTON *v.* MORRIS.

ATKINSON, Presiding Justice. 1. Where a deed is made in consideration of support for life, the redress is an action for the value of the support withheld, or an equitable action to rescind if the special facts, such as fraud or insolvency, would make the latter the appropriate relief. *Lindsey* v. *Lindsey,* 62 *Ga.* 546; *McCardle* v. *Kennedy,* 92 *Ga.* 198 (17 S. E. 1001); *Wood* v. *Owen,* 133 *Ga.* 751 (3) (66 S. E. 951); *House* v. *House,* 191 *Ga.* 678 (13 S. E. 2d, 817); *Dumas* v. *Dumas,* 205 *Ga.* 238 (1) (52 S. E. 2d, 845).

2. Where the consideration of a deed is a promise by the grantee to support the grantor, a breach by the grantee does not. constitute fraud, so as to authorize cancellation, unless the promise was made with the present intention of the grantee not to comply with it. A mere failure to comply would be insufficient to establish a fraudulent intent. *Brinson* v. *Hester,* 185 *Ga.* 761. (1) (196 S. E. 412), and citations.

While the petition alleged that the grantee was insolvent, but further alleged that she would not be able to respond in damages except by virtue of holding the deed to the described property, the value alleged being $5000, this was not an unqualified allegation of insolvency, as property conveyed by a deed sought to be canceled should be considered as property of the grantee in determining whether he is insolvent. *Schneider* v. *Smith,* 189 *Ga.* 704 (6) (7 S. E. 2d, 76).

*Judgment affirmed. All the Justices concur.*

No. 17863. ARGUED MAY 13, 1952—DECIDED JUNE 10, 1952.

*Louis A. Burton,* for plaintiff in error.
*Norman H. Fudge* and *Frank D. Foster,* contra.