20608. BOWMAN, Admx., *v.* BOWMAN *et al.*

MOBLEY, Justice. 1. By her action in ejectment brought in Fulton Superior Court in the fictitious form, with Dora Lee Bowman, administratrix, as real party, the plaintiff claims title to described property by reason of three demises, to wit:

First, as devisee under the will of Frank K. Bowman. The property was set aside as a year's support to the defendant, Joanne W. Bowman, the widow of Frank K. Bowman, by the Court of Ordinary of Fulton County after a decision by the Court of Appeals (*Bowman v. Bowman,* 79 *Ga. App.* 240, 53 S. E. 2d 244), holding that the ordinary had erroneously reinstated a caveat to the return of the appraiser. This was a final judgment placing title to the property in Joanne W. Bowman. That judgment is superior to the claim of title of the plaintiff as devisee under the will of the defendant's husband.

Second, by reason of a deed to secure debt from Frank K. Bowman, dated April 27, 1946, to Fred E. Bowman, the plaintiff's intestate, conveying as security for a debt the property at issue. By decree of DeKalb Superior Court, dated June 7, 1957, it was adjudged and decreed that said deed to secure debt was valid; that a stated amount was due thereon; and, that amount having been paid into court, that the deed to secure debt had been fully satisfied. A copy of the decree

460

was ordered filed in the Superior Court of DeKalb County as a final satisfaction and cancellation of said deed to secure debt. Upon appeal, this judgment was affirmed by this court. *Bowman* v. *Poole,* 213 *Ga.* 867 (102 S. E. 2d 561). The matter is res judicata. No valid claim to title in the plaintiff is established under the second demise.

Third, by reason of a quitclaim deed, dated May 4, 1948, from Frank K. Bowman to Fred E. Bowman. In a proceeding brought by Joanne W. Bowman against Fred E. Bowman, individually and as executor of the estate of Frank K. Bowman, deceased, in Fulton Superior Court, this deed was declared to be null and void. That judgment was affirmed by the Supreme Court of Georgia (*Bowman* v. *Bowman,* 210 *Ga.* 259, 78 S. E. 2d 801), and certiorari thereon to the Supreme Court of the United States was denied. Bowman *v.* Bowman, 347 U. S. 1017 (74 S. Ct. 865, 98 L. Ed. 1139). That question is res judicata; and, having been decided adversely to the plaintiff's contention, his third demise is without merit.

2. Accordingly, on motion for summary judgment filed by the defendant, setting out the foregoing facts with copies of pertinent decrees of court, with affidavits in support thereof, to which the plaintiff filed a general demurrer and a plea and answer, the trial court properly overruled the demurrers; and, the plaintiff having raised no issue of fact in the summary-judgment proceeding, the court properly entered judgment in favor of the defendant, Joanne W. Bowman, decreeing title to the property in question in her.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 17, 1959—DECIDED OCTOBER 9, 1959—REHEARING DENIED NOVEMBER 4, 1959.

*James L. Moore,* for plaintiff in error.
*Margaret H. Fairleigh, Poole, Pearce & Hall,* contra.