21314.   DILLARD v. BRANNAN *et al.*

ARGUED JULY 11, 1961—DECIDED SEPTEMBER 7, 1961.

*T. Milton Jones,* for plaintiff in error.

*Foley, Chappell, Young & Hollis, Jack M. Thornton,* contra.

Mobley, Justice. ■ "The [summary] judgment sought shall be rendered forthwith if . . . there is no genuine issue as to any *material* fact . . ." (Italics ours.) Ga. L. 1959, p. 234 (*Code Ann.* § 110-1203).

The portion of the Summary Judgment Act quoted above requires a genuine issue as to a material fact in order to preclude summary judgment, and while the plaintiff in error contends that the alleged failure on the part of the defendant in error to comply with the oral agreement set out in his answer would

be such a material fact in that, if proved, it would render the 1952 deed invalid, the law does not support his contention.

"A promise by a grantee to maintain and support the grantor, made as an inducement or consideration for the execution of a deed by the latter, does not constitute fraud, so as to authorize a cancellation of the deed, unless the promise was made with a present intention on the part of the promisor not to comply with it. *Atlanta Skirt Mfg. Co. v. Jacobs*, 8 Ga. App. 299 (3) (68 SE 1077); *Concealed Bed Corp. v. Williams*, 36 Ga. App. 462 (137 SE 275); *Ryals v. Livingston*, 45 Ga. App. 43 (3), 50 (163 SE 286); *Crawford v. Davison-Paxon Co.*, 46 Ga. App. 161 (166 SE 872). A mere failure to comply with the promise would be insufficient to establish such fraudulent intent (*Brooks v. Pitts*, 24 Ga. App. 386, 100 SE 776); and in such case the remedy of the grantor would be an action for damages, and not a suit for cancellation in the absence of insolvency of the promisor or other equitable grounds. *Brand v. Power*, 110 Ga. 522 (36 SE 53); *Thompson v. Lanfair*, 127 Ga. 557 (56 SE 770); *Davis v. Davis*, 135 Ga. 116 (69 SE 172); *Fletcher v. Fletcher*, 158 Ga. 899 (3) (124 SE 722)." *Brinson v. Hester*, 185 Ga. 761 (196 SE 412).

"Where the consideration recited in a deed is 'one dollar, furnishing grantor a home, food, medicine, doctor's bills, hospital bills, burial expenses and all the other necessities of life during grantor's lifetime,' and the grantee has failed and refused to furnish the grantor the specified items, ordinarily the remedy of the grantor would be an action for damages. *Code* § 85-902; *Brinson v. Hester* [supra] . . . The grantor may maintain an equitable action to rescind the contract if the grantee is insolvent (*Lindsey v. Lindsey*, 62 Ga. 546; *Wyatt v. Nailer*, 153 Ga. 72 (4), 111 SE 419; *Fletcher v. Fletcher* [supra]; *Burkhalter v. DeLoach*, 171 Ga. 384, 155 SE 513); or where fraud is employed by the grantee in the procurement of the deed, or there are other special facts which would make rescission by the grantor an appropriate relief. *Wood v. Owens*, 133 Ga. 751, 752 (3) (66 SE 951); *Morris v. Fain*, 165 Ga. 879, 881 (142 SE 119)." *Dumas v. Dumas*, 205 Ga. 238 (52 SE2d 845).

"Where the consideration of a deed is a promise by the grantee to support the grantor, a breach by the grantee does not constitute fraud, so as to authorize cancellation, unless the promise was made with the present intention of the grantee not to comply with it. A mere failure to comply would be insufficient to establish a fraudulent intent. *Brinson v. Hester*, [supra] and citations.

"While the petition alleged that the grantee was insolvent, but further alleged that she would not be able to respond in damages except by virtue of holding the deed to the described property, the value alleged being $5,000, this was not an unqualified allegation of insolvency, as property conveyed by a deed sought to be canceled should be considered as property of the grantee in determining whether he is insolvent. *Schneider v. Smith*, 189 Ga. 704 (6) (7 SE2d 76)." *Bolton v. Morris*, 209 Ga. 153 (71 SE2d 217).

In view of the foregoing it is apparent that in order to have the deed declared invalid for failure of consideration the plaintiff in error must have alleged that the grantee made the promise with the present intention not to comply or that the grantee was insolvent. The plaintiff in error, having failed to allege either of the above in his answer, did not raise a material issue of fact and for that reason the trial court did not err in granting the motion for summary judgment.

■ Apparently the plaintiff in error does not question that if the 1952 deed is valid the defendant in error takes the subsequently acquired title of Mattie H. Curry through estoppel by deed.

In any event that question is settled in favor of the defendant in error by numerous cases on the subject.

"If a vendor convey land to a purchaser before he acquire the title himself, and he subsequently acquire the title, does such title enure to the benefit of the vendee as against subsequent purchasers or mortgagees? We think it does, and such subsequent mortgagee and those holding under him by subsequent conveyances, hold subordinate to the title which vested in his first vendee the moment the vendor himself got it." *Parker v. Jones*, 57 Ga. 204; *Terry v. Rodahan*, 79 Ga. 278, 292 (5 SE

38, 11 ASR 420); *Lathrop v. White*, 81 Ga. 29, 35 (6 SE 834); *Hill v. O'Bryan Bros.*, 104 Ga. 137 (30 SE 996); *Donalson v. Yeates*, 173 Ga. 30 (7) (159 SE 856); *Guy v. Poss*, 212 Ga. 724 (95 SE2d 682).

Plaintiff in error did not allege in his answer that he was a bona fide purchaser for value without notice but answered only that he "obtained said fee simple title in and to said real estate by the warranty deed of bargain and sale from Mattie H. Curry to this defendant dated April 4, 1955." Thus we are not required to rule on the rights of a bona fide purchaser in a situation such as the one here involved.

■ Plaintiff in error also excepted to the grant of summary judgment on the ground that the motion was not accompanied by affidavits, but the Summary Judgment Act, Sec. 1 (Ga. L. 1959, p. 234; *Code Ann.* § 110-1201), states that the party seeking summary judgment may move for such judgment "with or without supporting affidavits" and Sec. 3 of the Act (*Code Ann.* § 110-1203), states that judgment shall be entered if the "pleadings, depositions and admissions on file, together with the affidavits, *if any,* show that there is no genuine issue as to any material fact . . ." (Italics ours). These provisions of the act, and other like provisions, indicate that where there is no genuine issue as to any material fact and where the pleadings show the question to be one of law only, affidavits are not essential prerequisites to the granting of a summary judgment. See *Bowman v. Bowman*, 215 Ga. 459 (111 SE2d 36).

*Judgment affirmed. All the Justices concur.*