*Alexander & Lee* and *Cumming & Harper*, contra.

---

### FOWLER *v.* JOHNSON; *et vice versa.*

FISH, C. J. This action was brought by E. M. Johnson against T. J. Fowler, for a partition of property belonging to a partnership composed of the plaintiff and the defendant, and consisting of extensive farm lands, live stock, farm products and implements; and for a receivership and rents. The plaintiff's contention is, in effect, that he and the defendant each own an equal undivided interest in all of the property, and that defendant has wrongfully taken exclusive possession of all of it, and refuses to recognize plaintiff's rights. The defendant in his answer contends, in substance, that the parties had a settlement of the entire partnership business, under the terms of which the defendant was to pay the plaintiff the balance of defendant's indebtedness to him for defendant's part of the original purchase-price of the property, defendant to assume and pay all of the indebtedness of the firm, and in addition a stated amount in payment for plaintiff's half interest in the property; that such agreement was carried out by the defendant, except as to the payment to the plaintiff for his interest in the property; that defendant offered to pay this latter amount and tendered it to plaintiff in accordance with the contract, but plaintiff refused to accept and to consummate the agreement. Defendant alleges a continuous tender, and prays that upon payment to plaintiff of the amount agreed on, he be decreed to convey his interest in the property to defendant.

On the trial the evidence for the plaintiff was sufficient to sustain the case laid in the petition. The evidence for the defendant, consisting principally of his own testimony, failed to substantiate his answer, but tended to show that he had purchased from the plaintiff his entire interest in all of the partnership property, had paid him for the same, and that the plaintiff in writing had conveyed his interest to the defendant, and placed him in possession. *Held:*

(*a*) In view of the pleadings and the evidence a proper decision of the case here does not depend upon the application of the statute of frauds.

(*b*) Defendant's testimony, relied on to show that the payment made by him to the plaintiff was the consideration for all interest which the plaintiff had in the property, should not be allowed to contradict and overcome the averment made in the defendant's answer, which

was never stricken, to the effect that such payment was made for the purpose or reimbursing the plaintiff for the money he had advanced in payment of the defendant's share in the property, and for a balance which the firm was due to the plaintiff on open account, which amounts had been ascertained by an accounting between the parties. See *Florida Yellow Pine Co.* v. *Flint River Naval Stores Co.*, 140 *Ga.* 321 (78 S. E. 900).

(c) Attacks upon a decree furnish no ground of a motion for a new trial. *Sweetman* v. *Owens*, 147 *Ga.* 436 (94 S. E. 542).

(d) Under the pleadings and the evidence the verdict directed as to the partition of the property was required; and so much of it as related to the recovery of rents was set aside.

*Judgment on the main bill of exceptions affirmed. Cross-bill of exceptions dismissed. All the Justices concur.*

Nos. 1932, 1992. FEBRUARY 17, 1921.

Equitable petition. Before Judge Eve. Worth superior court. January 23, 1920.

*Pope & Bennet, Perry & Williamson*, and *Milner & Farkas*, for Fowler.

*J. H. Tipton* and *Claude Payton*, contra.