## 18627. PROSSER *v.* BROOKS.

MOBLEY, Justice. 1. A promise by a grantee to pay an additional $1,500 within 30 days after execution of the deed, or in lieu thereof to convey designated land to the grantor, made as an inducement or consideration for the execution of the deed by the latter, does not constitute fraud, so as to authorize a cancellation of the deed, unless the promise was made with a present intention on the part of the promisor not to comply with it. *Brinson* v. *Hester,* 185 *Ga.* 761 (1) (196 S. E. 412). And where, as here, a failure to comply with such a promise is alleged, the remedy of the grantor would be an action for damages, and not a suit for cancellation, in the absence of insolvency of the promisor or other equitable grounds. *Brand* v. *Power,* 110 *Ga.* 522 (36 S. E. 53); *Thompson* v. *Lanfair,* 127 *Ga.* 557 (56 S. E. 770); *Davis* v. *Davis,* 135 *Ga.* 116 (69 S. E. 172); *Fletcher* v. *Fletcher,* 158 *Ga.* 899 (3) (124 S. E. 722).

2. Therefore, a controlling question is whether the petition in the instant case alleged insolvency of the promisor. Other than as contained in paragraphs 12, 13, and 14 of the petition, which are quoted in the accompanying statement of facts, there are no allegations of insolvency of the promisor. While the above-stated paragraphs allege that the defendant has not sufficient property, above homestead allowed by existing laws, to respond to the recovery in any judgment the petitioner may obtain against him, that a judgment against the defendant would be uncollectable, and that the defendant is otherwise insolvent, still, it is alleged that the defendant has legal title to land valued at $4,600, $2,300 of which he previously owned as a tenant in common, the other $2,300 being the interest conveyed to him by the petitioner. It is not alleged that the defendant owned any debts other than the $1,500 claimed by the petitioner. Construing the petition most strongly against the pleader, as must be done on general demurrer, the allegations were insufficient to allege that the defendant was insolvent. *Dumas* v. *Dumas,* 205 *Ga.* 238 (2) (52 S. E. 2d 845); *Bolton* v. *Morris,* 209 *Ga.* 153 (2) (71 S. E. 2d 217).

3. Accordingly, no other equitable grounds having been alleged, the petition as amended failed to set forth a cause of action for the relief sought, and the trial court did not err in dismissing the action on general demurrer.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 15, 1954—DECIDED JULY 13, 1954.

*J. D. Godfrey, Casey Thigpen,* for plaintiff in error.

*M. W. Dukes, E. J. Averett,* contra.

Robert E. Prosser filed in Washington Superior Court, against Lamar L. Brooks, a petition, which as twice amended alleged substantially the following: Defendant persuaded petitioner to convey to him his undivided one-half interest in a described

tract of land consisting of approximately 386 acres, which was owned jointly by the parties as tenants in common. Defendant, under their oral agreement, was to pay petitioner $800 in cash at the time the deed was executed, and an additional $1,500 within 30 days, or in lieu thereof was to convey to petitioner a designated 20 acres out of the above-mentioned land. In accordance with the agreement, petitioner executed a deed conveying his undivided one-half interest in the land to defendant, and defendant paid him $800 in cash. The deed, which was duly recorded, was attached to and made a part of the petition. After the expiration of 30 days, defendant refused to comply with the agreement and pay $1,500 in cash to petitioner or convey to him 20 acres out of the land. Failure of defendant to comply with the terms of the agreement has deprived petitioner of his one-half undivided interest in the 386 acres of land for a consideration of only $800, and it would be inequitable to permit the conveyance to stand. Defendant has threatened to sell or incumber the land and thereby deprive petitioner of his interest therein, and will do so unless restrained. The pretended conveyance from petitioner to defendant is a cloud upon petitioner's title and depreciates the value and sale thereof by petitioner. The deed should be canceled as a cloud upon petitioner's title. Prior to the filing of the action, petitioner offered to rescind the entire transaction and refund to defendant the $800, and demanded that defendant reconvey to petitioner the undivided one-half interest in the land, which was refused by defendant.

In addition to the foregoing, it was alleged in the petition: "12. That defendant has no property, other than personal effects, except above described lands, and unless he is restrained from disposing of same, which he is threatening to do, as hereinbefore alleged, a judgment against him in favor of plaintiff would be uncollectable. 13. That defendant has not sufficient property, above the homestead exemption of realty and the exemption of personalty allowed by existing laws, to respond to the recovery in any judgment that plaintiff may obtain against him in this behalf; that said defendant is married and has a family, and is entitled under present laws to avail himself of these exemptions; and is otherwise insolvent. 14. That the value of plaintiff's interest in the property conveyed to defendant

is $2,300, and the consideration of $800 recited in the deed from plaintiff to defendant, as aforesaid, is a gross inadequacy in price." . . . .

The petitioner prayed: that the deed conveying the land to defendant be canceled; that defendant be enjoined from incumbering or conveying the land; that the respective parties be decreed to be tenants in common of the land as they were prior to the execution of the deed; and that petitioner have general equitable relief.

The defendant demurred to the petition as amended, on the ground that it failed to set forth a cause of action either at law or in equity. The trial court sustained the demurrer and dismissed the action. To this judgment the petitioner excepted.