### 19133.  CAMPBELL *et al.* v. HAMMOCK *et al.*

MOBLEY, Justice. Petitioners alleged that they owned a building fronting on and within a few inches of the sidewalk of a named street in Augusta, Georgia, and that defendants owned a building on an adjoining lot, the front of which sat back from the sidewalk about 35 feet, leaving that portion of petitioners' wall exposed; that petitioners placed an advertising sign on their exposed west wall and a neon sign on top of their building; that thereafter defendants erected a large outdoor advertising sign on the east edge of their lot and a few inches from petitioners' west wall, completely obscuring the sign on petitioners' wall as well as most of the neon sign on top of their building; that the billboard is not useful or

ornamental, and defendants' only purpose in erecting it was to injure and damage petitioners and their motive was entirely malicious. Petitioners further alleged that it was not defendants' intention to use the billboard to advertise petitioners' wares and merchandise but that they plan to use it for the purpose of advertising some commodity completely foreign to petitioners' stock in trade; that defendants have placed the Biblical quotation thereon: "For what shall it profit a man, if he shall gain the whole world, and lose his own soul?"; that the close proximity to petitioner's store gives the impression that it is a part of their store and confuses the public and holds petitioners up to derision; that petitioners' business is damaged by maintenance of the billboard and by the obscuring of their sign; that defendants have plenty of space on other parts of their lot where they could place the billboard; that the erection and maintenance of the billboard constitutes a nuisance, which petitioners ask the court to abate. The trial court overruled general demurrers, to which ruling the defendants excepted. *Held:*

1. The allegations of the petition as amended, to the effect that the erection of the billboard on defendants' own land was entirely malicious, that their only motive was to damage petitioners, and that the billboard was not ornamental or useful, is contradicted by other allegations to the effect that defendants were using it to display a Biblical quotation at the present, and that they intended to use it for advertising some commodity foreign to petitioners' business, and therein the petition failed to allege that the billboard was erected solely for a malicious purpose and did not serve a useful purpose, as contended by petitioners. *Dumas* v. *Dumas,* 205 *Ga.* 238 (2) (52 S. E. 2d 845); *Bolton* v. *Morris,* 209 *Ga.* 153 (2) (71 S. E. 2d 217); *Prosser* v. *Brooks,* 210 *Ga.* 763 (2) (82 S. E. 2d 700). Furthermore, said allegations are in the alternative; and construing the petition most strongly against the pleader, as must be done on general demurrer, petitioners allege that the billboard was to be used for a useful and lawful purpose for advertising some commodity. *Wynndam Court Apartment Co.* v. *First Federal Savings &c. Assn.,* 204 *Ga.* 501, 508 (50 S. E. 2d 611), and citations.

2. The allegations of the petition as amended were insufficient to allege that the billboard constituted a nuisance where, as here, it appears that it was otherwise lawful and was unrestricted by statute or by ordinance. A billboard erected by defendants on their own land, which is not otherwise a nuisance, does not become one merely because it is erected maliciously or from spite or ill will, where it serves a useful purpose. 39 Am. Jur. 303, § 23; 66 C. J. S. 750, § 10; Code § 72-101; *Grubbs* v. *Wooten,* 189 *Ga.* 390 (5 S. E. 2d 874); White *v.* Bernhart, 41 Idaho 665 (241 Pac. 367, 43 A. L. R. 23); Kuzniak *v.* Kozminski, 107 Mich. 444 (65 N. W. 275, 61 Am. St. R. 344); Falloon *v.* Schilling, 29 Kan. 292 (42 Am. R. 642). The case of *Hornsby* v. *Smith,* 191 *Ga.* 491 (13 S. E. 2d 20, 133 A. L. R. 684, and annotations on p. 691), dealt with the erection of a fence by the owner on his own land for the purpose of shutting out air and light from his neighbor's house, and the present petition alleged that the billboard injured and damaged petitioners' property and business. The decision in the *Hornsby* case was predicated upon the principle that the property could serve no useful purpose, and that the owner was using it maliciously for the sole purpose of injuring another, thereby

invading the rights of such other person, which constituted an unlawful use of his property, as to that person. The instant case fails to fall within that rule.

(a) There is no merit in the contention of petitioners that the billboard is so near their wall as to give the impression that it is a part of their building and that it is advertising their business. In *Wilensky* v. *Robinson*, 203 *Ga.* 423 (2) (47 S. E. 2d 270, 2 A. L. R. 2d 1129), this court held that a lot owner is entitled to exclusive use for advertising purposes of his side of a party wall. Certainly if a person can use his side of a party wall for advertising purposes, he could place a billboard for advertising purposes on his own land in close proximity to the building of an adjoining owner, unless restricted by statute or by ordinance, or unless the billboard is otherwise prohibited.

3. Applying the above principles to the pleadings in the instant case, the trial court erred in overruling the general demurrer to the petition as amended.

*Judgment reversed. All the Justices concur.*

ARGUED OCTOBER 10, 1955—DECIDED NOVEMBER 15, 1955.

*Sanders, Thurmond & Hester,* for plaintiff in error.
*Mixon & Chambers, Oliver Mixon,* contra.