### 20873. BRIDGES v. ELROD.

SUBMITTED MAY 9, 1960—DECIDED JUNE 9, 1960.

*Robert L. Scoggin, Jerry L. Minge,* for plaintiff in error.
*Clower & Anderson,* contra.

104

HEAD, Presiding Justice. ■ The only oral evidence in the case was the testimony of the parties. It appeared from the testimony of both parties that the father (the defendant in the partition proceeding) and the daughter (the plaintiff in the partition proceeding) lived in the house on the property involved in the proceeding from a time prior to her mother's death in 1942 until March, 1959. The daughter married, and her husband lived in the house with them until 1946; and after the birth of her daughter, she also lived with them. The deed from the father to the daughter was executed in June, 1958. The daughter remarried her former husband in January, 1959, and moved to Columbus with him in March, 1959, and has not lived in the house with her father since that time. Until she remarried, the daughter maintained a home for her father, prepared his meals, and washed his clothes.

The daughter testified that she and her father bought the property with their joint funds, and that the deed from her father to her was in consideration of the equity she owned in the property. The father testified that he paid for the property with his money, but admitted at one point in his testimony that at times his daughter had made a part of the payments. He testified that his daughter had begged him to make a deed to her conveying a one-half interest in the property, and had promised him that, if he would make it, she would stay with him and take care of him as long as he lived; and he signed the deed because of her promises. After his daughter remarried, she and her husband were so unpleasant to him that he stopped eating with them, and in March, 1959, his daughter, her husband, and his granddaughter moved to Columbus.

"A promise by a grantee to maintain and support the grantor, made as an inducement or consideration for the execution of a deed by the latter, does not constitute fraud, so as to authorize a cancellation of the deed, unless the promise was made with a present intention on the part of the promisor not to comply with it . . . A mere failure to comply with the promise would be insufficient to establish such fraudulent intent . . . ; and in such case the remedy of the grantor would be an action for damages, and not a suit for cancellation, in the absence of

insolvency of the promisor or other equitable grounds." *Brinson* v. *Hester*, 185 *Ga.* 761 (1) (196 S. E. 412); *Schneider* v. *Smith*, 189 *Ga.* 704 (7 S. E. 2d 76); *Dumas* v. *Dumas*, 205 *Ga.* 238 (52 S. E. 2d 845); *Cordell* v. *Cordell*, 206 *Ga.* 214 (56 S. E. 2d 251); *Bolton* v. *Morris*, 209 *Ga.* 153 (71 S. E. 2d 217); *Prosser* v. *Brooks*, 210 *Ga.* 763 (82 S. E. 2d 700).

"Where there is no conflict in the evidence, and that introduced, with all reasonable deductions or inferences therefrom, shall demand a particular verdict, the court may direct the jury to find for the party entitled thereto." Code § 110-104. "The direction of a verdict is not erroneous where the proved facts, viewed from every possible legal point of view, can sustain no other finding than that directed." *Whitlock* v. *Michael*, 208 *Ga.* 229 (65 S. E. 2d 797).

While the evidence in the present case was in sharp conflict on many points, there was no evidence to sustain the father's contention as to a fraudulent intent on the part of the daughter to procure the execution of the deed to her by promises which she did not intend to comply with at the time they were made, and such evidence would be necessary in order to authorize the cancellation of the deed, since the mere breach of the alleged contract would only authorize an action for damages for such breach.

In *Bucher* v. *Murray*, 212 *Ga.* 259 (3) (91 S. E. 2d 610), it was held that the evidence would authorize the jury to infer that the consideration of the deed was the promise of the grantees to support, maintain, provide, and care for a named person, and that the grantees had never intended to comply with the alleged promises. That case is clearly distinguishable on its facts from the instant one.

In the present case the father conveyed to his daughter only a one-half interest in the property, and he admitted that she had made a part of the payments on the property. His testimony showed that, after the execution of the deed, the daughter continued to maintain a home and care for him until the time when she remarried, and he stated that she did not thereafter refuse to cook for him, but that she and her husband made it so unpleasant for him that he stopped eating with them, and there-

after they moved from the home. Whether or not this evidence was sufficient to show a breach of contract (if the consideration of the deed was the promise of the daughter to maintain and support her father), it would not authorize the inference that the daughter had made promises to care for her father with the fraudulent intention of not keeping such promises, but the evidence indicates that the former sharing of the home by the father and daughter was disrupted by her remarriage.

Since it was essential to the father's cross-action for the cancellation of the deed executed by him that he prove a fraudulent intent on the part of the daughter at the time the alleged promises were made, and such fraudulent intent was not shown by the evidence, the trial judge did not err in directing a verdict in favor of the partition proceeding.

■ " 'A motion for new trial reaches the errors in the finding of the jury, or such errors of the court as may lead to the finding, but is not the proper method of correcting errors in a decree or judgment.' *Potts* v. *City of Atlanta*, 140 *Ga.* 431, 433 (79 S. E. 110). The above statement is unambiguous and points unmistakably to the limitations upon motions for new trial for correcting errors in the finding of the jury, or such errors of the court as may lead to that finding. It may not be used to correct errors in a decree or judgment." *Adams* v. *Perry*, 213 *Ga.* 479, 480 (99 S. E. 2d 881); *Fowler* v. *Johnson*, 151 *Ga.* 122 (106 S. E. 90); *Barber* v. *Barber*, 157 *Ga.* 188 (121 S. E. 317); *Shellnut* v. *Shellnut*, 188 *Ga.* 306, 308 (3 S. E. 2d 900).

The second ground of the amendment to the motion for new trial presents nothing for review by this court.

<div align="center">

*Judgment affirmed. All the Justices concur.*