48442. PENNINGTON et al. v. AETNA INSURANCE COMPANY.

SUBMITTED SEPTEMBER 10, 1973 — DECIDED OCTOBER 26, 1973.

*Lambert & Carter, James E. Carter,* for appellants,
*Erwin, Epting, Gibson & Chilivis, Gary B. Blasingame, Lawrence F. Jones,* for appellee.

QUILLIAN, Judge. The policy in question provided that the insured must file a proof of loss within 60 days after the loss. From the evidence it is clear that the loss took place on April 24, 1971 and that the first notice the defendant insurer received of the loss was a letter from plaintiffs insured dated November 23, 1971. Thus, the proof of loss provision was clearly not complied with by the plaintiffs. The plaintiffs contend that the defendant waived the requirement as to the proof of loss. With this contention we cannot agree. The plaintiffs argue that the defendant waived the proof of loss provision because the defendant wrote a letter in which coverage under the policy was denied. It is true the defendant wrote the plaintiffs' attorney a letter stating that it took the position that the loss was due to burglars and therefore not covered under the malicious mischief coverage of the policy. However, the letter denying coverage was written on January 31, 1972 which was not within the 60 day period subsequent to the loss. The defendant also wrote the plaintiffs' insurance agent a letter to the same effect subsequent to the 60 day period after the loss. Therefore, there was no waiver of the provisions of the policy requiring proof of loss. "But if the insured is to rely upon an absolute refusal to pay as a waiver of the requirement for filing a proof of loss within sixty days after the loss occurred, it must appear that the refusal to pay (or what amounted to a refusal to pay) occurred within the same period, for nothing short of an express waiver by the insurer can be effective after expiration of the time for performing the condition precedent, i. e., the filing of a proof of loss." *Reserve Insurance Co. v. Campbell,* 107 Ga. App.

311, 314 (130 SE2d 236). See *Buffalo Ins. Co. v. Star Photo &c. Co.,* 120 Ga. App. 697, 703 (172 SE2d 159).

*Judgment affirmed. Bell, C. J., and Deen, J., concur.*