## 69399. WORTH et al. v. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY.
### (330 SE2d 1)

BENHAM, Judge.

A verdict was directed against appellant in a suit on a fire insurance policy, and this appeal followed.

1. Appellee, Georgia Farm Bureau Mutual Insurance Company ("Georgia Farm"), raises the issue of an untimely appeal by contending that appellants incorrectly sought a new trial below instead of a direct appeal and that the lapse of time is fatal to their appeal. The principal cases relied upon by appellee in its motion to dismiss this appeal, *Barber v. Barber*, 157 Ga. 188 (121 SE 317) (1923), and *Bridges v. Elrod*, 216 Ga. 102 (2) (114 SE2d 874) (1960), do not, as appellee contends they do, establish an absolute rule that the direction of a verdict cannot be challenged by a motion for new trial. In *Barber*, the parties agreed that the trial court could direct a verdict, and the appellant attacked only the judgment, not the direction of the verdict. Nonetheless, the Supreme Court did not dismiss the appeal, but considered the evidence and affirmed the judgment. In *Bridges*, the motion for new trial (following the direction of a verdict) raised two grounds, the direction of a verdict and the framing of the judgment. The Supreme Court considered the first issue on its merits, but declined to address the second because a motion for new trial is not the proper method for correcting errors in the judgment itself. In the present case, as in *Bridges*, appellants attack the direction of the verdict and also complain of the exclusion of evidence (the trial court refused to permit appellants to reopen the evidence). The exclusion of evidence is a statutory ground for a motion for new trial, and *Bridges* is precedent for attacking the direction of a verdict by means of a motion for new trial. For those reasons, we find that the time for filing appellants' notice of appeal was tolled by the pendency of their motion for new trial, and appellee's motion to dismiss the appeal is denied.

2. Due to their similarity, appellant's enumerations of error 1, 2, 3, and 4 will be discussed as one. Simply put, appellants contend that it was error to direct a verdict against them for failure to satisfy the proof of loss requirement after having disallowed their motion to reopen the evidence.

Since knowledge of the facts is necessary in determining the pro-

priety of granting the directed verdict, we will briefly review the relevant testimony. Appellants, Leon Worth and Homer Worth, purchased fire insurance from Georgia Farm. Douglas Production Credit Association was assignee of partial benefits. On October 4, 1981, the property was destroyed by fire and appellee was immediately notified verbally of the loss. Georgia Farm began an investigation which included taking a statement from one of the insureds, visiting the scene, and conducting other investigatory acts. After the fire, Leon Worth went to the Georgia Farm office every Monday for approximately four months to check on the claim. During this time he had discussions with office personnel who told him they were awaiting word from the home office, but they never informed him that he had not completed the proof of loss as mentioned by the policy.

The operative policy language provides as follows: "The insured shall give immediate written notice to this Company of any loss . . . *and within sixty days after the loss, unless such time is extended in writing by this Company, the insured shall render to the company a proof of loss*, signed and sworn to by the insured . . . No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with . . ."

After four months of conferences with Georgia Farm, and after the sixty-day period mentioned in the policy, Georgia Farm told the insureds that they should get a lawyer. The insureds did so, and suit was filed on March 18, 1982. During the trial, in addition to testimony about transactions leading up to and including the fire, appellants introduced a copy of the policy and a cancelled check for payment. Appellant Leon Worth also testified that he furnished to Georgia Farm all the information requested by them, and that they led him to believe everything was going along satisfactorily and they were just waiting to hear from the home office. At the close of appellants' case, appellee made a motion for a directed verdict due to appellants' failure to prove that they had furnished a written proof of loss. This was the first time that proof of loss had been mentioned in any of the proceedings. In granting the directed verdict, the trial court stated that there was no evidence that the sixty-day proof of loss requirement had been met and that there had been no evidence of waiver. Appellants moved to reopen the evidence to submit additional documents and testimony on this issue, but the trial court refused to reopen the evidence.

In order to consider appellants' enumerations of error thoroughly, we must consider the directed verdict on the failure to satisfy the policy proof of loss requirement in light of the pre-trial order. Pursuant to OCGA § 9-11-16, the court entered a pre-trial order which superseded the pleadings. The stated purpose of the pre-trial

order under subsection (a) (1) is "[t]he simplification of issues." Under paragraph 6 of the pre-trial order, which dealt with the insurance company's contentions, a general statement was made as to the policy provisions not having been complied with and specific actions by appellants in violation of the policy, none of which was failure to furnish written proof of loss. Therefore, the general language concerning failure to comply with the policy provisions can be considered as introductory to the specifics mentioned.

We find *Echols v. Bridges*, 239 Ga. 25, 27 (235 SE2d 535) (1977), particularly instructive as to this issue where it states: "Two of the principal benefits of a pre-trial order are the simplification of the issues and the limiting of the issues for trial." See also *Brumby v. Brooks*, 140 Ga. App. 210, 211 (230 SE2d 359) (1976), which states: "The pre-trial order controls the subsequent trial unless objected to."

In a line of cases too long to delineate, this court has said that certain conduct may constitute waiver or estoppel as to the type of notice required, but that each case depends on its own facts. *Govt. Employees Ins. Co. v. Gates*, 134 Ga. App. 795 (216 SE2d 619) (1975). Some examples of such conduct are negotiating settlement (*Johnson v. Ga. Farm &c. Ins. Co.*, 141 Ga. App. 859 (234 SE2d 693) (1977)); informing insured that nothing else would be required (*Hanover Ins. Co. v. Hallford*, 127 Ga. App. 322 (193 SE2d 235) (1972)); absolute refusal to pay within the requisite time period (*Pennington v. Aetna Ins. Co.*, 130 Ga. App. 95 (202 SE2d 199) (1973)); conduct inconsistent with an intention to enforce a strict compliance with the contract (*N.Y. Underwriters Ins. Co. v. Noles*, 101 Ga. App. 922 (115 SE2d 474) (1960)).

This court does not favor forfeiture provisions, as evidenced by *N. Y. Underwriters Ins. Co.* at 476: "Where the effect of such contractual provision [furnishing written proof of loss within a brief period of time] works as a forfeiture of the policy benefit upon the insured, the court will strictly construe the provision against the insurance company and *small circumstances* will be sufficient to show a waiver by the company. [Cits.]" (Emphasis supplied.)

The requirements that must be met in a directed verdict situation are very strict and where, as here, there is some, though slight, evidence of waiver, it cannot be said under the facts of this case and as required by OCGA § 9-11-50 (a) that "the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict." Therefore, it was error to direct a verdict for appellee. A fortiori, since appellants requested an opportunity to reopen for additional evidence on the issue of proof of loss and waiver, which had not been raised in the pre-trial order or any other pre-trial proceedings, the trial court should have allowed the reopening. We realize that reopening evidence is a matter that addresses itself to the sound discre-

tion of the trial court. *Redwing Carriers, Inc. v. Knight*, 143 Ga. App. 668 (9b) (239 SE2d 686) (1977). However, under the facts of this case, where the matter is mentioned only in a general manner in the pretrial order, it would work a manifest injustice not to allow appellants to fully address the issue and would constitute an abuse of discretion.

3. The remaining enumeration of error need not be addressed, due to the above analysis.

Finding error, we reverse with direction that appellants be granted a new trial.

*Judgment reversed. Banke, C. J., and Pope, J., concur.*

DECIDED MARCH 1, 1985 —
REHEARING DENIED MARCH 27, 1985 — 

*J. Laddie Boatright*, for appellants.
*Terry A. Dillard, Daniell S. Landers, Jimmy J. Boatright*, for appellee.