44159, 44161. ROPER v. DURHAM; and vice versa.
(353 SE2d 476)

MARSHALL, Chief Justice.

Roper and his brother conveyed a parcel of land to Jerry Durham, Roper's son-in-law. Durham and Roper's daughter later were separated, and Roper's daughter and her two children continued to live in the house on the tract. Durham and Roper's daughter had an agreement that she would move out when their younger child finished school. She declined to move at that time. Durham threatened litigation, whereupon she moved, and her father, Roper, erected a chain-link fence along the Roper-Durham boundary, about four and one half feet from Durham's house. Durham sued, alleging that the fence was on his land and that it had been erected maliciously. The jury found that the fence was erected by Roper on Roper's land rather than Durham's land, but that it was "maliciously put up by Mr. Roper" and "ought to be took down." However, the jury "rewarded" no damage to Durham. Judgment was entered on the verdict, enjoining Roper to remove, and not to reinstall, the fence. Roper appeals in Case No. 44159 and Durham cross-appeals in Case No. 44161.

1. The jury's finding in its verdict that the fence was erected on the defendant's land was authorized by the evidence of the deed and by both parties' parol evidence as to adverse possession under color of title, both of which bases of title were pleaded in the complaint.

2. The seminal "spite fence" case of *Hornsby v. Smith*, 191 Ga. 491 (13 SE2d 20) (1941), held that "the owner of land could not erect

a fence thereon *which injured his neighbor* for no useful purpose, but solely to hurt his neighbor." (Emphasis supplied.) *K. Gordon Murray Productions v. Floyd,* 217 Ga. 784, 791 (125 SE2d 207) (1962). *Hornsby* specifically recognized that there must be not only a malicious intent, but also "an invasion of the plaintiff's right, by the fence in question," 191 Ga. at 500, which there consisted of the improper and unjustified interference of the plaintiff's right to light and air. *Hornsby* has been recognized as holding that "malicious use of property *resulting in injury to another* was unlawful." (Emphasis supplied.) *Bradley v. Tenneco Oil Co.,* 146 Ga. App. 161, 165 (1) (245 SE2d 862) (1978). *Campbell v. Hammock,* 212 Ga. 90 (2) (90 SE2d 415) (1955), noting that "[t]he decision in the *Hornsby* case was predicated upon the principle that the property could serve no useful purpose . . . ," permitted the continuation on the defendant's land of a billboard which was for the "useful and lawful purpose for advertising some commodity," even though the commodity intended to be advertised happened to be "foreign to the plaintiff's business." Other cases have recognized and applied the requirement of injury to the plaintiff. E.g., *NAACP v. Overstreet,* 221 Ga. 16 (1b) (142 SE2d 816) (1965); *Poultryland, Inc. v. Anderson,* 200 Ga. 549 (1) (37 SE2d 785) (1946).

As to "useful purpose," the defendant testified that he had erected the fence to prevent encroachment over the boundary line by both parties in the area of his garden, and because he did not know who would be owning the plaintiff's property in the future, and thought it would be a good time to erect the fence "while nobody lived there."

As to the requisite injury, none was shown by the erection of the fence only four and one-half feet from the plaintiff's house, where the fence was on the defendant's land and its proximity to the house had been caused by the plaintiff's having added onto his house a carport extending to within four and one-half feet of the property line as found by the jury. Nor was injury shown by the testimony of a real estate agent as to her inability to sell the plaintiff's house, where she testified that the problem was with the property line and not the fence. The fence did not interfere with the plaintiff's right to light and air, as in *Hornsby,* and its mere unsightliness alone, tending to devalue the adjoining property, does not amount to a nuisance for which an injunction would lie. *Oklejas v. Williams,* 165 Ga. App. 585 (1) (302 SE2d 110) (1983).

Furthermore, as to absence of injury or invasion of rights, the plaintiff was bound by his admission against interest, made in his deposition, which he read on cross-examination in the trial, that the location of the property line was the problem, and that if the fence was on the defendant's property, the plaintiff "wouldn't care if he had built it twenty-feet high." OCGA § 24-3-31; *Seaboard A.L.R. Co. v.*

*Taylor*, 214 Ga. 212 (4) (104 SE2d 106) (1958); *Mayo v. Owen*, 208 Ga. 483, 486 (1) (67 SE2d 709) (1951).

3. It was not an abuse of discretion to deny the plaintiff's motion to set aside the verdict and judgment on the ground that the original trial judge, as the second cousin of the defendant's wife, was disqualified because he was allegedly related within a prohibited degree of consanquinity (cf. OCGA § 15-1-8 (a) (2) with Canon 3, C (1) (d) of the Code of Judicial Conduct, 251 Ga. 900). The relationship was not revealed to the parties until after the verdict, and the plaintiff was not harmed by the alleged disqualification, in that the trial judge to whom the case was assigned after the original judge disqualified himself, entered judgment for the plaintiff, enjoining the existence of the defendant's fence even though it was found to be on the defendant's land. See, e.g., *Parker v. State*, 146 Ga. 131 (90 SE 859) (1916).

The judgment enjoining the existence or reinstallation of the fence was contrary to the evidence, the findings of the jury verdict, and the law, in that the evidence showed that, even if the defendant's fence on his own land was erected with a malicious intent, it could have been erected for one or more useful purposes, and its erection resulted in no legally cognizable injury to, or invasion of right of, the plaintiff. Accordingly, that part of the judgment enjoining Roper to remove, and not to reinstall, the fence is reversed.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED MARCH 4, 1987 —
RECONSIDERATION DENIED MARCH 24, 1987.

*Bray & Johnson, Roger M. Johnson, N. Jackson Harris*, for appellant.
*Samuel P. Burtz*, for appellee.