A89A1783. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY v. ALMA EXCHANGE BANK & TRUST.
(392 SE2d 320)

POPE, Judge.

This appeal follows the trial court's entry of judgment for plaintiff/appellee Alma Exchange Bank and Trust ("Alma Bank"). The case was tried in the trial court primarily on a stipulation of facts and documents. The record shows that Alma Bank made two loans to the Worth family which were secured by deeds to secure debt on real estate owned by Mr. Worth. The deed provided, in relevant part, that the Worths were required to "carry fire and extended coverage insurance on the premises in an amount with full insurable value of said premises and as may be required to prevent the lender from being or becoming a co-insurer, [with] an insurance company or companies acceptable to the lender, with loss, if any, payable to the lender."

Defendant/appellant Georgia Farm Bureau Mutual Insurance Company ("Georgia Farm") issued a policy insuring the property to the Worths on October 9, 1980. Approximately one year later, the property burned. At that time it was discovered that Alma Bank had not been listed as mortgagee or lienholder on the policy issued by Georgia Farm. Consequently, by letter dated October 14, 1981, Alma Bank informed Georgia Farm that it had a recorded interest in the property and requested that it be listed as lienholder on the policy. On December 23, 1981, Alma Bank's attorney wrote Georgia Farm another letter, in which he again explained Alma Bank's interest in the property, and requested that "any drafts you give to Mr. Worth reflect the true and correct position of Alma . . . Bank as lien holder." On December 31, 1981, Georgia Farm responded to this request by letter stating "In the event any payment is made relating to this fire loss, we will include your client's name, The Alma Exchange Bank & Trust, on these payments."

On March 18, 1982, the Worths filed suit against Georgia Farm based on its failure to pay the claim under the policy. That suit initially resulted in a directed verdict for Georgia Farm; however, this court reversed the trial court's grant of directed verdict in Worth v. Ga. Farm &c. Ins. Co., 174 Ga. App. 194 (330 SE2d 1) (1985). Before

the case could be retried, the parties entered into a settlement agreement and, as part of that agreement, the Worths executed a release in favor of Georgia Farm, in which, inter alia, they agreed to indemnify Georgia Farm against any claims to the proceeds under the policy.

Alma Bank subsequently sued the Worths for the debts secured by the deed to secure debt. Judgment was entered in favor of the Bank on May 28, 1986, for $35,000. Alma Bank instituted the present action against Georgia Farm on January 31, 1986, prior to the time judgment was reached for it against the Worths. In this action, Alma Bank seeks the payment of $34,352.58 plus interest and attorney fees for failure of Georgia Farm to pay it the proceeds under the policy as its representative had agreed to do in its letter of December 1981. This appeal follows the trial court's entry of judgment in favor of Alma Bank.

1. On appeal, Georgia Farm contends that the promise by its representative to include Alma Bank on any proceed payments made under the policy was without consideration and hence unenforceable. See OCGA §§ 13-3-40 (a); 13-3-42 (a) & (b). We disagree. " 'Forbearance to prosecute a legal claim and the compromise of a doubtful right are both sufficient considerations to support a contract.' [Cits.]" *Pitts Truck Air v. Mack Trucks*, 173 Ga. App. 801, 803 (3) (328 SE2d 416) (1985). In the case at bar, unlike the cases relied on by Georgia Farm, Alma Bank had a legally enforceable right to the insured property and, by virtue of the terms of its deed to secure debt with the debtor, a legally enforceable equitable lien to the insurance proceeds. By virtue of its legally enforceable right to the subject property, Alma Bank had both the right to proceed directly against the insurance company or to intervene in the action between the insurance company and the debtor. See *Worth v. Ga. Farm Bureau*, supra (in which Douglas Production Credit Association, claiming it had a valid assignment to part of the proceeds under the policy, intervened in the action between the Worths and Georgia Farm); see also *Suttles v. Vickery*, 179 Ga. 751 (177 SE 714) (1934). Thus, the trial court correctly concluded that the Bank's reliance on the promise of the insurer's representative, and the resulting forebearance of legal action to enforce its right to the proceeds, constituted sufficient consideration under the facts of this case. See OCGA § 13-3-42; *Pepsi Cola Bottling Co. v. First Nat. Bank*, 248 Ga. 114 (2) (281 SE2d 579) (1981).

2. We have examined Georgia Farm's remaining enumerations and find them to be without merit. Specifically, we find no merit to its argument that the indemnity agreements between it and the Worths and between the Worths and Alma Bank, created a "circular" indemnity by virtue of which Alma Bank should be permanently enjoined from pursuing its claim against Georgia Farm. Likewise, we find no merit to the argument that the indebtedness has been satis-

fied and hence the trial court erred in assessing damages in the amount of $27,532.59 for Alma Bank and against Georgia Farm.
*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED MARCH 14, 1990 —
REHEARING DENIED MARCH 27, 1990 — 

*Dillard & Landers, Terry A. Dillard, Bryant H. Bower, Jr.*, for appellant.
*William J. Edgar, M. Theodore Solomon*, for appellee.