[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13717
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-02616-RLV


CYNTHIA SANDERS,

Plaintiff-Appellant,

versus

HENRY COUNTY, GEORGIA,
KENNETH VINCENT,
a.k.a. Kevin Vincent,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 17, 2012)

Before DUBINA, Chief Judge, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Cynthia Sanders, proceeding *pro se*, appeals the district court's order granting summary judgment in favor of Henry County, Georgia ("Henry County"), and Kenneth Vincent with respect to her complaint, raising claims under 42 U.S.C. § 1983 and state law. Sanders's claims arise out of Henry County's approval of the application of a cellular company, T-Mobile South, LLC ("T-Mobile"), to construct a cellular tower on Vincent's property, which abuts Sanders's property. Under Henry County's zoning ordinance in effect at the time, where a cellular-tower application meets certain requirements, the application can be approved by way of an administrative process. Following Henry County's approval, T-Mobile constructed the tower as planned. On appeal, Sanders argues that her procedural due process rights were violated because she failed to receive actual notice of the cellular-tower application, that her substantive due process rights were violated because the application was approved without adherence to the proper procedures, and that the cellular tower was a nuisance under Georgia law.

We review the district court's grant of summary judgment *de novo*, viewing all evidence and drawing all reasonable factual inferences in favor of the nonmoving party. *Penley v. Eslinger*, 605 F.3d 843, 848 (11th Cir. 2010). Summary judgment is appropriate where there are no genuine issues of material

2

fact and the movant is entitled to judgment as a matter of law. *Id.* We may affirm the district court's judgment "on any ground that finds support in the record." *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1256 (11th Cir. 2001) (internal quotation marks omitted). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) (internal quotation marks omitted). Issues not briefed in a pro se litigant's initial brief are deemed abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

In order to prevail on a civil rights action under § 1983, a plaintiff must establish that she was "deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Where a § 1983 claim has been properly asserted, a district court may exercise supplemental jurisdiction over related state law claims under 28 U.S.C. § 1367. *See Doe v. Fulton-DeKalb Hosp. Auth.*, 628 F.3d 1325, 1327 n.2 (11th Cir. 2010) (noting that the district court had asserted its supplemental jurisdiction over state law claims in a complaint where it had federal question jurisdiction over a § 1983 claim).

Counties are "persons" within the scope of § 1983 and can be subject to liability. *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). To impose

§ 1983 liability on a county, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the county had a policy or custom that constituted deliberate indifference to those constitutional rights; and (3) that the policy or custom caused the violation. *Id.* We have also held that a policy or custom may be shown by inadequate training of its employees. *Id.* at 1291. This is because "where a [county]'s failure to train its employees in a relevant respect evidences a deliberate indifference to the rights of its inhabitants [the county's failure to train its employees] can be properly thought of as a city policy or custom that is actionable under § 1983." *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489-90 (11th Cir. 1997) (internal quotations marks omitted).

I.

First, Sanders argues that she did not receive notice and an opportunity to be heard concerning the application to build a cellular tower on Vincent's property, in violation of her procedural due process rights under both the U.S. Constitution and the Georgia Constitution. Sanders further argues that, under the zoning ordinance in effect at the time, Henry County should have exercised due diligence to provide her with actual notice of T-Mobile's application and that service by process would have afforded her the required notice. Sanders asserts that O.C.G.A. §§ 36-66-2(a) and 36-66-4(a)'s minimum notice and hearing requirements applied

4

to the cellular-tower's approval and that non-compliance with those procedures invalidates zoning decisions.

The U.S. Constitution's Fourteenth Amendment provides, "nor shall any State deprive any person of life, liberty, or property, without due process of law." *See* U.S. Const. amend. XIV, § 1. The Due Process Clause provides procedural due process protection, a violation of which is actionable under 42 U.S.C. § 1983. *McKinney v. Pate*, 20 F.3d 1550, 1555 (11th Cir. 1994) (*en banc*). Procedural due process cases typically focus on whether governments can take away property without affording its owner adequate notice and an opportunity to be heard. *Greenbriar Vill., L.L.C. v. Mountain Brook, City*, 345 F.3d 1258, 1264 (11th Cir. 2003). To analyze a procedural due process claim, a court examines: (1) whether there is enough of a protectable property right at stake; (2) the amount of process that is due for that protectable right; and (3) the process actually provided. *Id.* We have recognized that, by deciding one of the procedural due process analytical components, we can moot the remainder of the procedural due process analysis. *Id.*

To determine what type of process is due under the Procedural Due Process Clause, we apply the test set forth in *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 657, 94 L. Ed. 865 (1950). *Arrington v. Helms*,

438 F.3d 1336, 1349-50 (11th Cir. 2006). The Supreme Court has held that a method of notice satisfies due process if it is "reasonably calculated" to apprise interested parties of the pendency of an action. *Mullane*, 339 U.S. at 314, 70 S. Ct. at 657. Where a government official is charged with notifying a specific interested party at a known residence, the official must make "a serious effort to inform them personally . . . , at least by ordinary mail to the record address[]." *Id.* at 318, 70 S. Ct. at 659. When such an effort is made, due process is satisfied, even if the interested party does not ultimately receive notice. *Dusenbery v. United States*, 534 U.S. 161, 170-73, 122 S. Ct. 694, 701-02, 151 L. Ed. 2d 597 (2002).

The Georgia Constitution's Due Process Clause states that "[n]o person shall be deprived of life, liberty, or property except by due process of law." Ga. Const. art. 1, § 1, ¶ I. The Georgia Supreme Court has held that state procedural due process does not require actual notice, but rather only notice reasonably calculated under the circumstances to apprise the interested parties of the proceeding at issue and to afford them an opportunity to present their objections. *Parks v. Bank of N.Y.*, 614 S.E.2d 63, 64-65 (Ga. 2005).

We conclude from the record that Sanders's procedural due process rights under the U.S. Constitution and the Georgia Constitution were not violated

because, although she did not receive actual notice of the cellular-tower application, the evidence shows that notice was sent to Sanders's record address by way of certified mail. Henry County did not have a duty under the zoning ordinance in effect at the time to ensure that Sanders received actual notice. The cellular tower was approved by way of an administrative process, rather than a zoning process, and thus, Georgia's minimum notice requirements for zoning decisions did not apply.

## II.

Next, Sanders argues, with respect to her substantive due process claims under the U.S. Constitution and the Georgia Constitution, that Henry County failed to provide adequate training to its county employees who review cellular-tower applications. Sanders further argues that, because of the lack of training, employees failed to follow the proper procedures in approving the cellular-tower application, in violation of her substantive due process rights.

The Due Process Clause of the Fourteenth Amendment provides substantive due process protection, a violation of which is actionable under 42 U.S.C. § 1983. *McKinney*, 20 F.3d at 1555. Substantive due process only protects against deprivations of fundamental rights. *Greenbriar Vill., L.L.C.*, 345 F.3d at 1262. Fundamental rights are those created by the Constitution. Property interests are

not fundamental rights because they are created and defined by an independent source, such as state law.  Thus, where a substantive due process claim is predicated on a non-legislative deprivation of a state-granted and defined property right, no substantive due process claim is viable.  *Id.*  This is so even where the plaintiff alleges that the government, acting in a non-legislative capacity, acted arbitrarily and irrationally.  *Id.* at 1263.

A substantive due process claim predicated on arbitrary and irrational deprivation of a property interest should be treated as a procedural due process claim.  *Id.* at 1263 n.4.  With respect to deprivations caused by arbitrary and irrational action, due process is satisfied when "proper procedures are employed." *Id.* at 1263 & n.4.  The proper procedures at issue are the same procedures that are required under the procedural due process claim.  *Id.*  These claims typically focus on whether government can take away property without affording its owner adequate notice and an opportunity to be heard.  *Id.* at 1264.

Where a federal substantive due process argument fails, a substantive due process argument based on the Georgia Constitution also should fail.  *See Cook v. Randolph Cnty., Ga.*, 573 F.3d 1143, 1158 (11th Cir. 2009).

Because Sanders's substantive due process claim under the U.S. Constitution and the Georgia Constitution is based on a deprivation of a state-

8

created property interest, rather than a fundamental right, we conclude that it is without merit. Rather, she is only entitled to the procedural due process protections discussed above. Thus, we do not discuss Sanders's claims concerning inadequate training because no constitutional violation occurred.

III.

Finally, Sanders argues that the cellular tower was a nuisance under O.C.G.A. § 41-1-1, *et seq*, because of its placement in a residential neighborhood and because of its maintenance. The zoning ordinance in effect at the time encouraged cellular companies to "collocate," which involves cellular companies sharing one cellular tower, rather than each company constructing its own separate tower. Sanders contends that Henry County should be held liable for the alleged nuisance caused by the cellular tower because it allowed T-Mobile to construct a new cellular tower, rather than requiring T-Mobile to collocate. Sanders asserts that the district court erred by failing to consider her injuries in evaluating her nuisance claim.

Under Georgia law, a nuisance is:

> anything that causes hurt, inconvenience, or damage to another and the fact that the act done may otherwise be lawful shall not keep it from being a nuisance. The inconvenience complained of shall not be fanciful, or such as would affect only one of fastidious taste, but it shall be such as would affect an ordinary, reasonable man.

9

O.C.G.A. § 41-1-1. The Supreme Court of Georgia has recognized that activities that are authorized by law and that are performed in a lawful manner cannot be a nuisance. *City of Douglasville v. Queen*, 514 S.E.2d 195, 199 (Ga. 1999). Thus, where an act is lawful in itself, "it becomes a nuisance only when conducted in an illegal manner to the hurt, inconvenience, or damage of another." *Id.* (internal quotation marks omitted). Further, where a property owner does a lawful act with a malicious purpose, the malicious purpose alone does not make the act a nuisance, where it serves a useful purpose. *Campbell v. Hammock*, 90 S.E.2d 415, 416 (Ga. 1955).

Nuisance law is based on the premise that everyone has the right to use his property as he sees fit, as long as "the owner or occupier does not unreasonably invade the corresponding right of others to use their own property as they see fit." *Landings Ass'n, Inc. v. Williams*, 711 S.E.2d 294, 301 (Ga. Ct. App. 2011). A private nuisance may exist "when an owner or occupier's activity on its real property generates an unreasonable amount or type of smoke, noxious odors, water, noise, or something else that invades the real property of another, causing damage to the property, injury to a person on the property, or other harm." *Id.* Where the alleged nuisance does not affect plaintiff's use and enjoyment of her land, no nuisance has occurred. *Id.*

10

While ownership of property generally may give rise to a nuisance when property is used to cause harm to others, such ownership is not an essential element of the cause of action for nuisance. *Fielder v. Rice Constr. Co., Inc.*, 522 S.E.2d 13, 16 (Ga. Ct. App. 1999). Rather, the essential element of nuisance is control over the cause of the harm. *Id.* The tortfeasor must be either the cause, or at least a concurrent cause, of the creation, continuance, or maintenance of the nuisance. *Id.* "A single isolated occurrence or act, which if regularly repeated would constitute a nuisance, is not a nuisance until it is regularly repeated." *Barnes v. St. Stephen's Missionary Baptist Church*, 580 S.E.2d 587, 591 (Ga. Ct. App. 2003) (internal quotation marks omitted) (holding that a criminal act could not constitute a nuisance until the act was repeated). Liability of a county cannot arise solely from its approval of construction projects that cause a nuisance. *Morris v. Douglas Cnty. Bd. of Health*, 561 S.E.2d 393, 395 (Ga. 2002).

A legal structure or act on adjacent property, which tends to devalue a plaintiff's property, is not considered such an inconvenience to amount to a nuisance. *Hammond v. City of Warner Robins*, 482 S.E.2d 422, 432 (Ga. Ct. App. 1997) (Beasley, J., dissenting); *see also Roper v. Durham*, 353 S.E.2d 476, 478 (Ga. 1987) (holding that a nuisance based on an unsightly fence that devalued the adjoining property was not actionable).

11

We conclude that the district court did not err in its determination that the cellular tower on Vincent's property was not a nuisance as placed because it was lawfully constructed. Under the zoning ordinance, T-Mobile was not required to collocate, but only encouraged to collocate. Any claim premised on the depreciation of Sanders's property because of the cellular tower is without merit. Sanders's claims against Henry County for any nuisance arising from the way in which the cellular tower was maintained, is without merit because Sanders has not shown that Henry County exercises any control over the cellular tower. Finally, we conclude that Sanders has abandoned any argument as to Vincent's liability for any nuisances arising from the maintenance of the cellular tower because she did not raise this argument in her initial brief.

## IV.

For the aforementioned reasons, we affirm the district court's grant of summary judgment in favor of the defendants.

**AFFIRMED.**