**FIRST DIVISION**
**DOYLE, C. J.,**
**ANDREWS, P. J., and RAY, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**May 17, 2016**

# In the Court of Appeals of Georgia

A16A0441. RAMIREZ-RAMIREZ v. THE STATE.          DO-016 C

DOYLE, Chief Judge.

This case arises from a forfeiture action filed by the State on September 25, 2014, pursuant to former OCGA § 16-13-49[1] against $2,670 U. S. Currency, a 2007 Chevrolet Silverado, a Highpoint .380 caliber handgun with magazine and ammunition, and real property at 7356 Merlin Way, Riverdale, Georgia. Juan Ramirez-Ramirez, the owner of the property, appeals from the trial court's denial of his motion for new trial after it granted the State's motion for default judgment, motion for judgment on the pleadings, and to strike Ramierez-Ramirez's answer ("omnibus motion"). For the reasons that follow, we dismiss the appeal.

---

[1] This code section was amended effective July 1, 2015, by Ga. L. 2015, p. 693, § 2-22/HB 233.

The record shows that after a drug seizure from Ramirez-Ramirez's vehicle and home, the State filed the instant forfeiture action on September 25, 2014. Ramirez-Ramirez filed an answer to the forfeiture petition on November 3, 2014. On December 1, 2014, the State filed its omnibus motion. On December 23, Rameriz-Ramirez filed a response to the State's motion, arguing that he had attempted to file a pro se answer to the petition during the 30-day period, but the answer was returned to him at the jail, and his attorney had not been able to get a notary to the jail in order to prepare a verification for the November 3 answer. Thereafter, on December 30, Ramirez-Ramirez amended his answer, which included a verification. On February 26, 2015, the State filed a motion to continue for good cause the 60-day statutory period in which to hold a hearing on its petition pursuant to former OCGA § 16-13-49 (o) (5), asking that the court grant a continuance until April 30 to hold a hearing.

On March 3, 2015, the trial court granted the continuance, extending the time to hold a hearing until April 30, 2015, and noted that its continuance was not a ruling on the sufficiency of Ramirez-Ramirez's answer and that no hearing would be set until and unless it was deemed appropriate.

On April 14, 2015, the trial court entered an order granting the State's omnibus motion in all respects, finding the answer and amended answer were legally

insufficient and that Ramirez-Ramirez had not timely moved to open default. Ramirez-Ramirez filed a motion for new trial on May 12, 2015, arguing that default should have been opened because he was not required to pay costs at that time; the trial court denied the motion. Ramirez-Ramirez filed a timely notice of appeal from the order denying the motion for new trial.

Former OCGA § 16-13-49 (o) (3) provides that "[a]n owner of or interest holder in the property may file an answer asserting a claim against the property in the [forfeiture] action in rem. Any such answer shall be filed within 30 days after the service of the summons and complaint[,]" and the answer must contain various items and be verified. In the event that no answer is filed within 30 days, OCGA § 16-13-49 (o) (4) states that "the court shall order the disposition of the seized property as provided for in this Code section[.]"

The State has filed a motion to dismiss this appeal, arguing that because Ramirez-Ramirez failed to file his answer within 30 days, Ramirez-Ramirez had no right to file a motion for new trial, and this Court does not have jurisdiction over the appeal. We agree.

The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon the appellate court. [Ramirez-

Ramirez's] notice of appeal was not filed within 30 days of the entry of [the order granting the omnibus motion,] and unless the motion for new trial was a proper vehicle to extend the time for filing the notice of appeal, the notice filed in this case was not timely filed and deprives this court of any jurisdiction to consider this case on the merits of the appeal.[2]

Objections which go to the judgment only, and do not extend to the verdict, cannot properly be made grounds of a motion for new trial. A motion for new trial seeks to set aside the verdict. No new trial is necessary to correct a judgment or decree. If a judgment or decree is erroneous or illegal, direct exception should be taken to it at the proper time.[3]

In this case, the trial court's determination that Ramirez-Ramierez failed to file a timely sufficient answer to the forfeiture petition was a legal determination only, akin to an order on motion for summary judgment or declaratory judgment. Accordingly, a motion for new trial was not the appropriate vehicle for challenging the order granting the omnibus motion, and Ramirez-Ramirez should have filed a

---

[2] (Citation and punctuation omitted.) *Sands v. Lamar Properties, Inc.*, 159 Ga. App. 718, 719 (285 SE2d 24) (1981).

[3] (Punctuation omitted.) Id.

direct appeal of that order rather than a motion for new trial.[4] His appeal is therefore untimely, and this Court lacks jurisdiction to review the merits of the underlying orders.

*Appeal is dismissed. Andrews, P. J. and Ray, J., concur.*

---

[4] See id. See also *Bridges v. Elrod*, 216 Ga. 102, 106 (2) (114 SE2d 874) (1960).